IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON WALTERS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-cv-01840-K |
| | § | |
| EXEL, INC. D/B/A DHL SUPPLY CHAIN, | § | |
| | § | |
| *Defendant*. | § | |

### DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S INADMISSIBLE SUMMARY JUDGMENT EVIDENCE AND BRIEF IN SUPPORT

Defendant Exel Inc. d/b/a DHL Supply Chain ("Defendant" or "Exel") files this Motion to Strike ("Motion to Strike") improper and inadmissible evidence submitted by Plaintiff Jason Walter's ("Plaintiff") in connection with his opposition to Defendant's Motion for Summary Judgment [Dkt. 59] ("Plaintiff's Opposition"). In support thereof, Defendant would respectfully show the Court as follows:

### I.    FACTUAL BACKGROUND AND SUMMARY

Rather than by presentation of proper evidence and meaningful argument, Plaintiff's Opposition attempts to explain away the validity of Defendant's Motion for Summary Judgment and Brief in Support [Dkt. 56] ("Defendant's MSJ") by relying on conclusory remarks, unauthenticated documents, and pure speculation. However, none of this is admissible evidence that raises any genuine issues of material fact. Accordingly, the Court must strike this "non-evidence" and/or disregard it.

## II.     ARGUMENTS AND AUTHORITIES

**A.     To Conclude that There Exists a Material Factual Dispute, There Must First Be *Admissible* Summary Judgment Evidence that Controverts the Movant's Presentation of Core Facts.**

"Rule 56 requires the adversary to set forth facts that would be admissible in evidence at trial. Material that is inadmissible will not be considered on a motion for summary judgment because it would not establish a genuine issue of material fact if offered at trial . . . ." *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 192 (5th Cir. 1991). In support of a motion for summary judgment, a movant may cite pleadings, deposition testimony, interrogatory responses, and admissions on file, together with other firsthand information such as affidavits based on personal knowledge. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Templet v. Hydrochem Inc.*, 367 F.3d 473, 485 (5th Cir. 2004). However, a party may not rely on inadmissible hearsay for summary judgment purposes. *Cole v. Knowledge Learning Corp.*, 416 Fed. App'x. 437, 442 (5th Cir. 2011).

Here, in response to Defendant's summary judgment evidence and authorities, Plaintiff offers little other than inadmissible evidence. As discussed in detail below, inadmissible statements and documents offered by Plaintiff must be stricken and cannot be considered by the Court in deciding whether to grant summary judgment herein.

**B.     Plaintiff's APP 0011-0025 are Text Messages Containing Unauthenticated Hearsay**

A document must be properly authenticated before it can be admissible evidence. *See* FED. R. EVID. 901(a). RULE 901(a) requires some evidence which is sufficient to support a finding that the evidence in question is what its proponent claims it to be. *United States v. Ceballos*, 789 F.3d 607, 618 (5th Cir. 2015) (citations and quotation marks omitted). "Testimony by a witness with knowledge of the item, the item's own distinctive characteristics, and the circumstances of the item's discovery may each suffice to authenticate evidence." *Ceballos*, 789 F.3d at 618-19; *see*

*also United States v. Barlow*, 568 F.3d 215, 220 (5th Cir. 2009). Where a proponent fails to properly authenticate an item under RULE 901(a), such failure provides a valid basis for excluding the item from evidence. *See Bibolotti v. Am. Home Mortg. Servicing, Inc.*, No. 4:11-CV-472, at *6 (E.D. Tex. May 15, 2013) ("In this case, Plaintiff has made no attempt to properly authenticate these documents, and thus, the Court finds they are of dubious evidentiary value, because they are unaccompanied by any extrinsic evidence of authenticity (such as an affidavit describing how the exhibits were put together)") (citations and internal quotation marks omitted); *Coughlin v. Capitol Cement Co.*, 571 F.2d 290, 307 (5th Cir. 1978) (affirming district court's exclusion of a document that was not properly authenticated). Moreover, under RULE 801, a statement is hearsay if (1) it is not made by the declarant while testifying at the current trial or hearing; and (2) it is offered to prove the truth of the matter asserted in the statement. FED. R. EVID. 801(c).

Here, Plaintiff cites to Plaintiff's APP 0011-0025 for the contention that, "Eartis Shaw was in charge of the employees, and made the decision as to whether run and [sic] extra shift or not." Plaintiff's Opposition at 5. However, the materials contained in Plaintiff's Appendix at APP 0011-0025 contain a variety of pieces of text messages that are <u>unauthenticated hearsay</u> and simply do <u>not</u> stand for the proposition Plaintiff asserts they support. *See Watson v. Brennan*, No. 3:20-CV-181-G-BK, 2023 WL 425831, at *4 (N.D. Tex. Jan. 9, 2023) (Toliver, J.) (declining to consider plaintiff's unauthenticated "text messages, emails, letters, timecards, photographs" as part of opposition to summary judgment), *report and recommendation adopted*, No. 3:20-CV-0181-G-BK, 2023 WL 424775 (N.D. Tex. Jan. 26, 2023), *aff'd*, No. 23-10131, 2023 WL 6210753 (5th Cir. Sept. 25, 2023) .

In fact, Plaintiff conveniently disregards the deposition testimony of Mr. Shaw when questioned about these text messages and testified that he had no idea who several individuals

were in the text messages. *See Appendix in Support of Defendant's Motion to Strike*, APP 005-006.

Plaintiff offers no evidence that supports a finding that Plaintiff's APP 0011-0025 are what Plaintiff claims them to be. Plaintiff makes no attempt to properly authenticate the text messages and specifically excludes testimony from Ms. Shaw that states he does not even know who several individuals in the text messages are. And the text messages are from third-parties and therefore are inadmissible hearsay.

**C.     Plaintiff Relies on Plaintiff's APP 135 for Conclusory Remarks and Pure Speculation**

Purported "facts" based only on conclusory allegations, self-serving testimony, and unsupported speculation are not competent summary judgment evidence, and the Court should not consider them. *See Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139–140 (5th Cir. 1996) (stating "unsubstantiated assertions are not competent summary judgment evidence") (citing *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) ("[C]onclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden."); *Grizzle v. Travelers Health Network, Inc.*, 14 F.3d 261, 268 (5th Cir. 1994) (An employee's self-serving generalized testimony stating her subjective belief that discrimination occurred "is simply insufficient to support a jury verdict in plaintiff's favor."); *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1449 (5th Cir. 1993) ("Summary judgment, to be sure, may be appropriate... if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation."). *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994) (*en banc*) (*per curiam*).

Here, Plaintiff alleges that he was replaced by a 24-year old employee and that there was a pattern of age discrimination as to several employees over the age of 40 being terminated. *See* Plaintiff's Opposition at 23-24. For these assertions, Plaintiff relies on Plaintiff's APP 135, an unauthenticated spreadsheet from which he then draws rank speculation and conclusory remarks that he includes in his declaration. *See* Plaintiff's APP 111-115, at ¶¶32, 33. The spreadsheet is not dated as to when it was created, does not state the meaning behind the column entitled "Adjusted Service Date," and does not provide any reason associated with the termination date (e.g. whether the termination was voluntary or not).

Plaintiff asserts that the document reflects John Ilegwu Oloh, age 24, replaced Plaintiff because he had an adjusted service date of March 16, 2022, and because both employees were supervised by Eartis Shaw. *See* Plaintiff's Opposition at 23. Instead of citing to any deposition testimony of a Defendant representative regarding the materials cited by Plaintiff's APP 135, Plaintiff instead relies on his own <u>incorrect and unsupported</u> conclusions. In contrast, Defendant specifically cited to deposition and declaration testimony that a 41-year-old employee filled Plaintiff's role. *See* Defendant's APP 073, Lines 9-17; APP 074, Lines 6-18; APP 126, Lines 5-9; APP 015, Line 25; APP 016, Lines 1-6, APP 186, ¶¶ 8-9.

Similarly, Plaintiff asserts that there is a "pattern" of age discrimination, citing to three individuals from the spreadsheet, ages 63, 65, and 46 who had a termination date. *See* Plaintiff's Opposition at 23; Plaintiff's APP at 135. But neither Plaintiff's Opposition, nor his Appendix provides the Court with any basis for his knowledge of the circumstances in the employees' separation, whether they left on their own accord, or otherwise. Yet, Plaintiff brazenly speculates and concludes that they were terminated and was reflective of a pattern of discrimination by

Defendant. Plaintiff even acknowledges himself that APP 135 does not accurately reflect his age when he was terminated. Plaintiff's Opposition at 24.

Accordingly, Plaintiff's assertions based on Plaintiff's APP 135 are at best misplaced, at worst, disingenuous. Either way, the evidence and the assertions based upon it are inadmissible and should be struck by the Court.

**D.    Plaintiff's APP 119 is Inadmissible Hearsay**

As stated above, under RULE 801, a statement is hearsay if (1) it is not made by the declarant while testifying at the current trial or hearing; and (2) it is offered to prove the truth of the matter asserted in the statement. FED. R. EVID. 801(c). Plaintiff cites in his declaration to a text exchange with Tammy Williams, where Ms. Williams purportedly states, "She is one of the biggest racists I have ever worked with." *See* Plaintiff's Opposition at 29; Plaintiff's APP at 111, ¶ 47; *id* at APP 119. Ms. Williams purportedly is referring to "Mickey," but the cited text messages lack any further context or first-hand testimony from Ms. Williams. Moreover, the "Mickey" referred to is presumably Mickey Moza, who is a male. Accordingly, it is unclear who the "she" is referring to in the text message. Moreover, Plaintiff asserts no race discrimination claim. Thus, the materials constitute nothing more than inadmissible hearsay and its probative value is substantially outweighed by unfair prejudice and confusing the issues. FED. R. EVID. 403.

### III.    CONCLUSION AND PRAYER

For the forgoing reasons, Defendant prays that the Court grants its Motion to Strike, excludes all portions of the incompetent evidence identified therein, and disregard all arguments set forth in Plaintiff's Opposition to Defendant's Motion for Summary Judgment that rely upon incompetent, inadmissible and/or otherwise improper evidence.

Respectfully submitted,

*/s/ Annie Lau*
Annie Lau
Texas Bar No. 24057723
FISHER & PHILLIPS LLP
500 N. Akard Street, Suite 3550
Dallas, Texas 75201
Telephone: (214) 220-9100
Facsimile: (214) 220-9122
*alau@fisherphillips.com*

**COUNSEL FOR DEFENDANT**
**EXEL INC. d/b/a DHL SUPPLY CHAIN**

### CERTIFICATE OF CONFERENCE

In accordance with Local Rule 7.1(a), I certify that I attempted to confer with Plaintiff's counsel regarding the relief sought by this Motion on March 18, 2024, via phone and email. Plaintiff's counsel indicated that his client is opposed to the relief sought by this Motion.

Dated: March 19, 2024

*/s/ Annie Lau*
Annie Lau

### CERTIFICATE OF SERVICE

On the 19th day of March, 2024, I filed the foregoing document with the Clerk of Court for the United States District Court, Northern District of Texas, using the Court's Electronic Case Filing system. I hereby certify that I have served the document on all counsel of record by a manner authorized by FED. R. CIV. P. 5 (b)(2).

Bob Whitehurst
5380 Old Bullard Road, Suite 600, #363
Tyler, TX 75703
*whitehurstlawfirm@yahoo.com*

Donald E. Uloth
LAW OFFICE OF DONALD E. ULOTH
18208 Preston Road, Suite D-9 #261
Dallas, TX 75252
*don.uloth@uloth.pro*

*/s/ Annie Lau*
Annie Lau