IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JASON WALTERS
Plaintiff

vs.   CIVIL ACTION 3:22-cv-01840-C
      JURY REQUESTED

EXEL, INC. D/B/A
DHL SUPPLY CHAIN
Defendant

**PLAINTIFF'S BRIEF IN REPLY IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Respectfully submitted
\_/S/_____
Bob Whitehurst
State Bar No. 21358100
Bob Whitehurst
5380 Old Bullard Road
Suite 600, #363
Tyler, Texas 75703
(903)593-5588
(214)853-9382

CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing instrument was served upon the attorney's of record in accordance with the applicable Rules of Civil Procedure on this 25th day of March, 2024

*Bob Whitehurst*
Bob Whitehurst

Annie Lau
Texas Bar No. 24057723
FISHER & PHILLIPS LLP
500 N. Akard Street, Suite 3550
Dallas, Texas 75201
Telephone: (214) 220-9100
Facsimile: (214) 220-9122
alau@fisherphillips.com

TABLE OF CONTENTS

1.  Documents not supplemented..........................................................................1

2.  Names of person...........................................................................................3

3. Texts/emails from Eartis Shaw........................................................................3

4.  Racist Comment............................................................................................4

5.  Does not dispute...........................................................................................4

6. Must Consider...............................................................................................6

7. Discretion......................................................................................................7

8.  Judicial Notice..............................................................................................8

9.  Damaages.....................................................................................................8

10. Statement....................................................................................................9

11. Age discrimination.....................................................................................10

12. Cobra Notice..............................................................................................11

13.  Conclusion................................................................................................11

TABLE OF AUTHORITIES

*Cases*

*Aikens v. Cent. Oregon Truck Co., Inc.*, No. 4:20-CV-00567, 2021 WL 4312712, at *4 (E.D. Tex. Sept. 22, 2021).

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)..............................................9

*Burgos v. Sw. Bell Telephone Co.*, 20 F.3d 633, 635 (5th Cir. 1994................................9, 10

*Colonial Leasing of New England, Inc. v. Logistics Control Int'l*, 770 F.2d 479 (5th Cir. 1985)...................................................................................................................8

*Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 421 (5th Cir. 2007) .................................11

*DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005) ..........................................10

*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc........9 .

*Everett Fin., Inc. v. Primary Residential Mortg., Inc.*, No. 3:14-cv-1028-D, 2017 WL 784766, at *2 (N.D. Tex. Feb. 28, 2017). .........  ..............2

*Fuller v. CIG Fin., LLC*, No. 3:22-cv-1289-D, 2023 WL 8482889, at *2-*3 (N.D. Tex. Dec. 7, 2023) ..................................................................................2

*Hager v. DBG Partners, Inc.* 903 F. 3d 460, 468 (5th Cir. 2018).   .................................11

*Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 552 (5th Cir. 2009) ..................................................................................10

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994).........................................10
*Lopez v. Fun Eats & Drinks, LLC*, No. 3:18-cv-1091-X, 2021 WL 3502361,  (N.D. Tex. July 16, 2021)............................................................ .............3

*McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988))..........................................8

*Olivarez v. Geo Group, Inc.*, 844 F.3d 200, 203 (5th Cir. 2016)........................................2

*Pye v. Oil States Energy Servs., LLC*, 233 F. Supp. 3d 541, 564 (W.D. Tex. 2017) .. .....9

*Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).....................6 .

*United States v. Bertram*, 259 F. Supp. 3d 638, 640 (E.D. Ky. 2017)................................4

*Statutes*

Federal Rule of Civil Procedure 26(e)(1) ...................................................................1

FED. R. CIV. P. 26(e)(1..............................................................................................1, 2

Federal Rule of Civil Procedure] 37(b)(2)(A)(i)-(vi)." ................................................2

FED. R. CIV. P. 37(c)(1); ................................................................................................2

Fed. R. Evid. 901(a)........................................................................................................4

Fed. R. Evid. 201(d))......................................................................................................8

29 U.S.C. § 255(a)..........................................................................................................8

29 C.F.R. §§ 541.103-541.117......................................................................................6

29 C.F.R. § 541.700........................................................................................................7

29 C.F.R. § 541.201(b). .................................................................................................7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**JASON WALTERS**
**Plaintiff**

vs.                                   **CIVIL ACTION 3:22-cv-01840-C**
                                      **JURY REQUESTED**

**EXEL, INC. D/B/A**
**DHL SUPPLY CHAIN**
**Defendant**

**PLAINTIFF'S BRIEF IN REPLY IN OPPOSITION TO DEFENDANT'S S  MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Plaintiff Jason Walters ("Walters" or "Plaintiff"), and files this his Reply to Defendants' Reply in Support of its Motion for Summary Judgment and for same would show the Court as follows:

I.

**DOCUMENTS NOT SUPPLEMENTED**

Attached hereto are (App 00001-App 00016) are the responses to interrogatories by the Defendant. These interrogatories were not amended and/or supplemented. Federal Rule of Civil Procedure 26(e)(1) provides that "[a] party ... who has responded to an interrogatory, [or] request for production ... must supplement or correct its ... response: (A) in a timely manner if the party learns that in some material respect the ... response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court." FED. R. CIV. P. 26(e)(1)   Under Rule 26(e)(1), "[s]upplementation or correction must be done `in a timely

manner' upon learning that the [response or answer] is incomplete or incorrect." *Fuller v. CIG Fin., LLC*, No. 3:22-cv-1289-D, 2023 WL 8482889, at *2-*3 (N.D. Tex. Dec. 7, 2023) (cleaned up). "Generally, supplementation `should be made at appropriate intervals during the discovery period, and with special promptness as the trial date approaches.' Rule 26 advisory committee's note (1993)."   Courts "have cautioned that problems can arise when they allow supplementation too close to the date of trial." *Everett Fin., Inc. v. Primary Residential Mortg., Inc.*, No. 3:14-cv-1028-D, 2017 WL 784766, at *2 (N.D. Tex. Feb. 28, 2017).   Under Rule 26(e)(1), "the rules governing discovery impose a duty to supplement disclosures and responses that continues beyond the discovery closing date," the responding or answering party must do so "in a timely manner after receiving" the information or materials requiring supplementation or correction. *Aikens v. Cent. Oregon Truck Co., Inc.*, No. 4:20-CV-00567, 2021 WL 4312712, at *4 (E.D. Tex. Sept. 22, 2021).

Federal Rule of Civil Procedure 37(c)(1), in turn, provides that, "[i]f a party fails to provide information ... as required by ... [Rule 26(e)(1)], the party is not allowed to use that information ... to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless," and that, "[i]n addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in [Federal Rule of Civil Procedure] 37(b)(2)(A)(i)-(vi)." FED. R. CIV. P. 37(c)(1); accord *Olivarez v. Geo Group, Inc.*, 844 F.3d 200, 203 (5th Cir. 2016)

The disclosing (or late disclosing) party bears the burden of proving the failure to timely

disclose was substantially justified or harmless." *Lopez v. Fun Eats & Drinks, LLC*, No. 3:18-cv-1091-X, 2021 WL 3502361,  (N.D. Tex. July 16, 2021), rep. & rec. adopted, 2021 WL 3493496 (N.D. Tex. Aug. 9, 2021).    Based on the above Plaintiff would request that all of the summary judgment evidence of the Defendant be stricken and/or denied.

II.

**NAME OF PERSON**

Interrogatory NO. 3, states "State the name of the person and/or person that replaced Plaintiff after Plaintiff's termination with Defendant."   Plaintiff alleges that John H. Oloh did and that is supported by APP 000135, and further set out in Plaintiff's response.   Mr. Oloh being a much younger person.   Defendant's failure to supplement at this late date precludes  Defendant from now claiming otherwise.

III.

**TEXTS/EMAILS FROM EARTIS SHAW**

Defendant objects to Plaintiff's APP000011 to APP000025; however, a closer look at said documents reveal that APP000011, APP000013, APP000023, and APP000025 were all made by Eartis Shaw.   The purpose being to show that Eartis Shaw was in charge.    That is also supported by the deposition testimony of Adam Elliott, (APP000050, l. 21-24), that Eartis Shaw sets the schedule.   This is also supported by the declaration of Plaintiff in No. 6, 8, 9, 12, 19, 26, 27, 28, 30,  (APP 000111,  AP000112, AP000114). (l. 11, 13, 14,15) (l. 4, 21,) (l. 20, 21, 22, 23) (l. 2, 3, 5)

IV.

**RACIST COMMENT**

Defendant objects to APP 119 regarding the fact that Tammy Williams stated that Ms. Hooper was one of the biggest racist, she ever worked with. This is supported by the declaration of Jason Walters, No. 47 (APP000115, L. L. 6-8). *United States v. Bertram*, 259 F. Supp. 3d 638, 640 (E.D. Ky. 2017)." [T]he key consideration . . . is not simply whether the witness on the stand was a sender or recipient of the email, but whether the testifying witness can speak to the email's unique characteristics, contents, and appearance." Id. at 641. To satisfy the requirement of authenticating . . . an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is. Fed. R. Evid. 901(a). This is supported by the declaration of Mr. Walters. (APP000115, L. 6-8) (No. 47).

V.

**DOES NOT DISPUTE**

Defendant does not dispute a great deal of the evidence presented by the Plaintiff. This evidence in of itself raises a issue of fact for the trier of fact. Defendant repeatedly states that Plaintiff put his hands on Ms. Hooper and threatened her. The best evidence is in fact (1) the video (Def. Bate 00118) that Defendant relies on showing not only Plaintiff lightly touching Ms. Hooper but the actual video with the bright colors the other employees were wearing. The video does show Mr. Walters working in the same area as the other workers, a guy with a bright orange/yellow shirt on, a guy with a bright green shirt on, and Mr. Walters explaining that Ms. Hooper was not wearing the proper safety attire. (No. 24, L. 11-17) (APP000122). In addition the video show forklifts close by these individuals, and the environment was very loud. (No. 16,

L. 15-16) (APP000112)    (2) the deposition testimony of John Dobbins that Plaintiff's job was to monitor for attendance (APP000044, l. 16-19) (3) that John Dobbins had a discussion with Ms. Hooper that she could be late (APP000045, l. 17-21) (4) that John Dobbins could not remember telling Plaintiff despite the fact that he was her supervisor (APP00046, l. 10-25).  This failure to inform raises a fact question in of itself for the trier of fact, as to whether  if Plaintiff was in fact a exempt employee or not (5) that both he and Eartis Shaw made the agreement with Ms. Hooper (APP000047, l. 1-4), again if Plaintiff was indeed exempt why was he not informed (6) that Adam Elliott testified that Eartis Shaw set the schedule (APP000050, l. 21-24) (7) that Adam Elliott testified that the operations supervisors all work in the warehouse and possibly where the trucks are (000051, l. 2-17). (8) that Eartis Shaw testified that Plaintiff's job was to correct employees for not having the correct safety gear on (APP000054, l. 10-18) (9) that Ms. Hooper testified that Plaintiff did what the general manager and everybody else told him to do (APP000057, l. 1-9 ) (10) that Ms. Hooper testified that if she was wearing the wrong uniform it would be the job of Plaintiff to correct her (APP000058, l. 7-13)  (11) that Ms. Hooper testified that the job of Plaintiff was to make sure everybody was safe (APP000059, L. 2-7) (12) that Ms. Williams testified that employees were to wear high visibility colors, and Plaintiff's job was to tell employees if they were not wearing the correct colors,  and if he didn't he would not being doing his job.  (APP000062, l. 2-23) (13) that Mickey Moza had a hard time remembering what happened (APP000076-APP000077, l.24-25, l. 1-14 (14) That Mickey Moza may have not been trained, he doesn't recall (APP000079, l. 8-19) (15) That Mickey Moza did not remember much of anything (APP000081-82, l. 7-25, l. 1-11) (16) That Mickey Moza does remember Plaintiff needing the COBRA information (APP000085, l. 7-19). (17) That Mickey Moza doesn't recall

PLAINTIFF'S BRIEF IN RESPONSE TO MOTION FOR SUMMARY JUDGMENT, PAGE 5

what was communicated or when he was notified of his termination (APP000088, l. 3-13) (18) That Plaintiff had no idea why he was being terminated in that he was never allowed to see the corrective action form, until after the lawsuit was filed (APP000091, l. 14) (19) that the Texas Workforce Commission stated that "our investigation found your employer fired you for a reason that was no misconduct connected with th work. (APP000092, l. 4-5)  (20) That Defendant received a letter dated July 18, 2022 requesting certain records from the file of Plaintiff on July 22, 2022 at 11:36 a.m. (APP000093-APP000098, l. 3).  (21) That certain records were requested but had been discarded despite earlier requests for said records. (APP000099-APP000110, l. 7-10).

VI.

**MUST CONSIDER**

The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).    The evidence presented reflects that Plaintiff had little or no discretion.  An exempt employee must have primarily managerial or supervisory duties. 29 C.F.R. §§ 541.103-541.117.   Plaintiff would simply do what he was told on a daily basis, from what time to be at work, to making sure employees had on the correct uniform, to making sure they drank plenty of water, to fill out forms at the end of each and every shift. (App 000001-000036, App000026, l. 45, App000028, L. 45, App000031, L. 45, App000034, L. 45, App000035, L. 45)/

It is not disputed that the primary duties of Plaintiff did not consist of office tasks and/or non-manual work.  (App 000120, No. 5, L. 10, App 000121, No. 13, L. 5-12)).    Under the Department of Labor regulations, "primary duty" means the principal, main, major, or most

important duty that the employee performs. 29 C.F.R. § 541.700.   Work directly related to management or general business operations includes work in functional areas such as finance, accounting, budgeting, purchasing, procurement, internet and database administration, and similar activities. 29 C.F.R. § 541.201(b).

There is no evidence that Plaintiff did any of the above.   Plaintiff's main duties were moving tires.

## VII

## DISCRETION

An exempt employee must be able to exercise  discretion and independent judgment regarding "matters of significance[,]" which "refers to the level of importance or consequence of the work performed."  § 541.202(a).

§ 541.202(b) provides the following:

The phrase "discretion and independent judgment" must be applied in the light of all the facts involved in the particular employment situation in which the question arises. Factors to consider when determining whether an employee exercises discretion and independent judgment with respect to matters of significance include, but are not limited to: whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments in conducting the operations of the business; whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; whether the employee has authority to commit the employer in matters that have significant financial impact; whether the employee has authority to waive or deviate from established policies and procedures without prior approval; whether the employee has authority to negotiate and bind the company on significant matters; whether the employee provides consultation or expert advice to management; whether the employee is involved in planning long- or short-term business objectives; whether the employee investigates and resolves matters of significance on behalf of management; and whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.

As set forth above Plaintiff had no discretion and/or independent judgment.

VIII.

**JUDICIAL NOTICE**

Plaintiff has requested this honorable court to take judicial notice regarding the finding of the Texas Workforce Commission "our investigation found your employer fired you for a reason that was no misconduct connected with th work". (APP000092, L. 4,5))   Judicial notice may be taken at any stage of the proceeding." *Colonial Leasing of New England, Inc. v. Logistics Control Int'l*, 770 F.2d 479 (5th Cir. 1985) (quoting Fed. R. Evid. 201(d)). We "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).   *Wigmore*, in his treatise on evidence (Third Edition) § 2566, states that judicial notice means "acceptance of a matter as proved without requiring the party to offer evidence of it."

IX.

**DAMAGES**

APP000115, L. 10, No. 48 by Jason Walters states worked about 20 hours a week that he was not paid for.   Plaintiff was paid at a rate of $29.08 per hour.   A plaintiff must file FLSA claims within two years after the cause of action accrues. 29 U.S.C. § 255(a).   A three-year statute of limitations applies under the FLSA when the conduct of the employer is willful. . "An employer willfully violates the FLSA if it `either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.'" *Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 552 (5th Cir. 2009) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).    APP 00017, attached hereto shows Plaintiff being paid $29.08 per hour.

Time and half for $29.08 is $43.62.   20 x 43.72 = $872.40 per week.

52 Week x. $872.40= $45,364.08

104 weeks x. $872.40- $90,729.60

156 weeks x. $872.40 = $136,094.40

To show reckless disregard of the FLSA, an employee must show that the employer had some reason to know that its conduct violated the FLSA beyond mere ignorance of the law." *Pye v. Oil States Energy Servs., LLC*, 233 F. Supp. 3d 541, 564 (W.D. Tex. 2017)    Based on APP000135, previously produced, defendant had 20 employees that were employed in same position as Plaintiff.    That would mean these other employees worked on the floor with the tires and forklifts the same as Plaintiff.    That would also mean that Eartis Shaw set their scheduled, and their duties consisted of in part, drink plenty of water, (APP000026, L. 24).   These other employees were requested in APP 00003, No. 1, but were never supplemented.    In addition No. 14, requested "State all conversations that Defendant had with current and/or former employees regarding wages that were not paid correctly.   Defendant's response says nothing about other employees.   The acts of the defendant certainly show reckless disregard.

X.

STATEMENT

On page 3 of 11, last paragraph, defendant states in part "Plaintiff does not deny............" Plaintiff has stated in declaration what he actually did at the location where he was employed, basically on day to day basis.  Also are attached are documents that reflect what he did on a day basis.   Disputes concerning material facts are "genuine" if, based on the evidence, "a reasonable jury could return a verdict for the nonmoving party." *Douglass v. United Servs. Auto. Ass'n*, 79

F.3d 1415, 1429 (5th Cir. 1996) (en banc) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248; *Burgos v. Sw. Bell Telephone Co.*, 20 F.3d 633, 635 (5th Cir. 1994)   The declaration of Mr. Walters says it is within personal knowledge, and true and correct.   The Fifth Circuit has explained that the declarant does not need to lay extensive foundation or make any particular statement to establish personal knowledge. *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005) .

## XI

## AGE DISCRIMINATION

In regards to the age discrimination defendant state in part "Plaintiff relies on a spreadsheet, which Plaintiff did not create, and that is in no way authenticated through deposition or otherwise."   A closer look at APP000135 reveals that it was produced by the defendant not the Plaintiff in that it bears a bate stamped number of EXEL 00246.    Plaintiff states that document bated stamped EXEL-00246  APP000135  shows that John Ifegwu Oloh replaced me on March 16, 2022, which is also reflected in bated stamped EXEL-00246, APP000135 (App000114, No. 32, L. 7-8).   Plaintiff states (No. 33, l. 9-10)). John lfegwu Oloh has an adjusted service date of March 16, 2022, being the same day as my termination. .  (App000114,) Plaintiff states that the date of birth of John Ifegwu is October 10, 1998.  (App000114, No. 34L. 11).   Plaintiff states his date of birth is December 22, 1972.  .  (App000114, N0. 35,  L. 12). All of the above are  admitted without objection.

It is possible for a party to demonstrate the existence of a genuine issue of material fact through reliance on a single declaration. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th

Cir.1994).

To establish a prima facie case of age discrimination, a plaintiff must show that "(1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside of the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age." Id.   Plaintiff has shown all of the above.

Pursuant to APP000135, Plaintiff was age 50 when he was terminated.  Lost wages for plaintiff for five (5) years is $226,820.40.

XII.

**COBRA NOTICE**

Plaintiff objects to the declaration of Andrew Etter in that it does not state the actual Cobra notice was mailed to Mr. Walters.   This court has typically required evidence that a letter was actually mailed to meet the good faith standard.  (finding good faith when the defendant mailed a COBRA notice via certified mail, "a special type of first class mail whose primary purpose is to provide evidence of an individual's receipt of delivery"); cf. *Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 421 (5th Cir. 2007) (genuine dispute of material fact remained on issue of mailing, despite testimony that the defendant business typically used first-class mailing procedures).  *Hager v. DBG Partners, Inc.* 903 F. 3d 460, 468 (5th Cir. 2018).   Mr. Etter does not say the letter was actually mailed, nor does he say that he placed the COBRA letter in the "outgoing mail."  Nor does  Mr. Gillis state that.

XIII.

**CONCLUSION**

PLAINTIFF'S BRIEF IN RESPONSE TO MOTION FOR SUMMARY JUDGMENT, PAGE 11

The facts to be decided by the trier of fact to whether was or was not an exempt employee under the Fair Labor Standards Act, whether Plaintiff was terminated because of his age, and whether the required COBRA requirements were completed by the Defendant.

WHEREFORE PREMISES CONSIDERED, Plaintiff Jason Walters prays that, the Court deny Defendants' Motion for Summary Judgment in its entirety, and that Plaintiff have such other and further relief to which he may show himself justly entitled, whether at law or in equity

Respectfully submitted

_/S/_____
Bob Whitehurst
State Bar No. 21358100
Bob Whitehurst
5380 Old Bullard Road
Suite 600, #363
Tyler, Texas 75703
(903)593-5588
(214)853-9382

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing instrument was served upon the attorney's of record in accordance with the applicable Rules of Civil Procedure on this 25th day of March, 2024

*Bob Whitehurst*
Bob Whitehurst

Annie Lau
Texas Bar No. 24057723
FISHER & PHILLIPS LLP
500 N. Akard Street, Suite 3550
Dallas, Texas 75201
Telephone: (214) 220-9100
Facsimile: (214) 220-9122
*alau@fisherphillips.com*