**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

**JASON WALTERS**
**Plaintiff**

**vs.**                                          **CIVIL ACTION 3:22-cv-01840-C**
                                                 **JURY REQUESTED**


**EXEL, INC. D/B/A**
**DHL SUPPLY CHAIN**
**Defendant**


<u>**APPENDIX  IN SUPPORT OF PLAINTIFF'S REPLY  IN OPPOSITION TO**
**DEFENDANT'S REPLY** IN SUPPORT OF ITS MOTON FOR SUMMARY JUDGMENT</u>

                                                                <u>APP</u>

Answers to Interrogatories by the Defendant dated December 23, 2022    00001-00016

Earnings Statement of Jason Walters dated 02/25/2022                   00017




*Respectfully submitted*



                          _/S/_____
                          Bob Whitehurst
                          State Bar No. 21358100
                          Bob Whitehurst
                          5380 Old Bullard Road, Suite 600,  #363
                          Tyler, Texas 75703
                          (903)593-5588
                          whitehurstlawfirm@yahoo.com
                          Attorney for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above and foregoing instrument has been served on all counsel of record in accordance with the Rule of Civil Procedure on this 25th day of  March,  2024.


___/S/_____
___
Bob Whitehurst


Annie Lau
Texas Bar No. 24057723
FISHER & PHILLIPS LLP
500 N. Akard Street, Suite 3550
Dallas, Texas 75201
Telephone: (214) 220-9100
Facsimile: (214) 220-9122
*alau@fisherphillips.com*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **JASON WALTERS,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:22-cv-01840-C** |
| | § | |
| **EXEL, INC. d/b/a DHL SUPPLY CHAIN,** | § | |
| | § | |
| *Defendant*. | § | |

### DEFENDANT'S OBJECTIONS AND ANSWERS
### TO DEFENDANT'S FIRST INTERROGATORIES

TO:  Plaintiff, Jason Walters, by and through his counsel of record, Bob Whitehurst, 52380 Old Bullard Road, Suite 600, #363, Tyler, Texas 75703.

Pursuant to FED. R. CIV. P. 33, Defendant Exel Inc. d/b/a DHL Supply Chain ("**Defendant**") provides the following Objections and Answers to the First Interrogatories ("**Interrogatories**") propounded by Plaintiff Jason Walters ("**Plaintiff**"):

### OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.      Defendant objects to the instructions and/or definitions contained in Plaintiff's First Interrogatories to the extent they seek to impose greater or other obligations upon Defendants than those set forth in the Texas Rules of Civil Procedure and the Local Rules of this Court.

2.      Defendant objects to Plaintiff's definition of the term "identify" with respect to a person to the extent it requests an individual's personal address and telephone number on the grounds that such request violates the privacy rights of persons who are not named parties in this Litigation, and to the extent that the use of such information would violate Rule 4.02 of the Texas Disciplinary Rules of Professional Conduct.  Defendant further objects to such definition on the grounds its request for "an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place or examination…

including], without limitation, his or her… race…" seeks information which has no tendency to make any material fact more or less probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401.

3.      Defendant objects to Plaintiff's definition of the term "identify" with respect to an organization, corporation, or business entity on the grounds its request to provide "a description of its business or organizational purpose" is vague and ambiguous.

4.      Defendant objects to Plaintiff's definition of the phrase "relate to" as vague, ambiguous, and overly broad.

5.      Defendant objects to Plaintiff's definition of the phrase "Causes of Action in Question" as vague and ambiguous.

6.      Defendant objects to Plaintiff's incorporated definition of the phrase "personnel file" as vague, ambiguous, overly broad, and to the extent it seeks information which has no tendency to make any material fact more or less probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401.

7.      Defendant does not warrant or guarantee that its understanding or use of terms in these responses accords with Plaintiff's understanding or use of the same terms in Plaintiff's First Interrogatories.

8.      Defendant responds to each Interrogatory as it understands and interprets the Interrogatory. If Plaintiff asserts an interpretation of any specific Interrogatory that differs from that of Defendant, Defendant reserves its right to supplement its objections and/or responses as may be needed or appropriate.

## ANSWERS AND OBJECTIONS TO FIRST INTERROGATORIES

**INTERROGATORY NO. 1:**      State the names, last known address and phone number of the employees that were employed in same position as Plaintiff from January 1, 2020 to present.

> **ANSWER NO. 1:**      Defendant objects to this Interrogatory on the grounds it is overly broad, infringes upon the privacy rights of third-party individuals, and seeks information which has no tendency to make any material fact more or less probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401. Specifically, Plaintiff's Amended Complaint confirms in no uncertain terms that he "is not making any claims on a representative basis, only for himself."  Plaintiff is also not claiming that he was subjected to disparate treatment or discriminated against in any way. As such, the identities of Plaintiff's coworkers are irrelevant to the claims and defenses at issue, *e.g.,* whether Defendant properly paid Plaintiff under the FLSA for all time worked and whether Defendant timely provided or caused to be provided to Plaintiff the notices required under COBRA following his separation from employment.

**INTERROGATORY NO. 2:**      State the names and addresses of all employees of Defendant that were terminated and/or disciplined for the same reason and/or reason as plaintiff.

> **ANSWER NO. 2:**      Defendant objects to this Interrogatory on the grounds its reference to "disciplined for the same reason and/or reason as plaintiff" is vague and ambiguous. Defendant further objects to this Interrogatory on the grounds it is overly broad, infringes upon the privacy rights of third-party individuals, and seeks information which has no tendency to make any material fact more or less probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401.  Specifically, Plaintiff's Amended Complaint confirms in no uncertain terms that he "is not making any claims on a representative basis, only for himself."  Plaintiff is also not claiming that he was subjected

to disparate treatment or discriminated against in any way, nor has he asserted any claim for unlawful retaliation or wrongful termination.  As such, the identities of Plaintiff's coworkers are irrelevant to the claims and defenses at issue, *e.g.,* whether Defendant properly paid Plaintiff under the FLSA for all time worked and whether Defendant timely provided or caused to be provided to Plaintiff the notices required under COBRA following his separation from employment.

**INTERROGATORY NO. 3:**        State the name of the person and/or persons that replaced Plaintiff after Plaintiff's termination with Defendant.

   **ANSWER NO. 3:**    Defendant objects to this Interrogatory on the grounds it is overly broad and seeks information which has no tendency to make any material fact more or less probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401.  Specifically, Plaintiff's Amended Complaint does not assert that Plaintiff was subjected to disparate treatment or discriminated against in any way, nor does it assert any claim for unlawful retaliation or wrongful termination.  As such, the name of Plaintiff's replacement (to the extent there is one) is irrelevant to the claims and defenses at issue, *e.g.,* whether Defendant properly paid Plaintiff under the FLSA for all time worked and whether Defendant timely provided or caused to be provided to Plaintiff the notices required under COBRA following his separation from employment.

**INTERROGATORY NO. 4:**        Describe all incidents wherein Plaintiff received warnings, reprimands and discipline, written or oral, due to his work performance or conduct and including any written evaluations, warnings and reprimands relating to his performance at any time from his initial employment until the present.

   **ANSWER NO. 4:**    Defendant objects to this Interrogatory on the grounds it is overly broad and seeks information which has no tendency to make any material fact more or less

probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401.  Specifically, Plaintiff's Amended Complaint does not assert that Plaintiff was subjected to disparate treatment or discriminated against in any way, nor does it assert any claim for unlawful retaliation or wrongful termination.  As such, Plaintiff's disciplinary history is irrelevant to the claims and defenses at issue, *e.g.,* whether Defendant properly paid Plaintiff under the FLSA for all time worked and whether Defendant timely provided or caused to be provided to Plaintiff the notices required under COBRA following his separation from employment.

**INTERROGATORY NO. 5:**          State the reason(s) Plaintiff was terminated from his employment with the defendant.

    **ANSWER NO. 5:**   Defendant objects to this Interrogatory on the grounds it is overly broad and seeks information which has no tendency to make any material fact more or less probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401.  Specifically, Plaintiff's Amended Complaint does not assert that Plaintiff was subjected to disparate treatment or discriminated against in any way, nor does it assert any claim for unlawful retaliation or wrongful termination.  As such, the circumstances surrounding Plaintiff's separation from employment with Defendant is irrelevant to the claims and defenses at issue, *e.g.,* whether Defendant properly paid Plaintiff under the FLSA for all time worked and whether Defendant timely provided or caused to be provided to Plaintiff the notices required under COBRA following his separation from employment.

**INTERROGATORY NO. 6:**          State the names of the supervisors of Plaintiff.

    **ANSWER NO. 6:**   Defendant objects to this Interrogatory on the grounds it is overly

broad, not limited in relevant temporal scope, and seeks information which has no tendency to make any material fact more or less probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401.  Specifically, Plaintiff's Amended Complaint does not assert that Plaintiff was subjected to disparate treatment or discriminated against in any way, nor does it assert any claim for unlawful retaliation or wrongful termination.  As such, the names of every individual who ever supervised Plaintiff during the entire term of his employment with Defendant are irrelevant to the claims and defenses at issue, *e.g.,* whether Defendant properly paid Plaintiff under the FLSA for all time worked and whether Defendant timely provided or caused to be provided to Plaintiff the notices required under COBRA following his separation from employment.

**INTERROGATORY NO. 7:**        State the job duties of Plaintiff during his employment with the defendant.

      **ANSWER NO. 7:**     In accordance with Fed. R. Civ. P. 34(d), Defendant directs Plaintiff to the Role Profile for the Operations Supervisor role being produced concurrently herewith.

**INTERROGATORY NO. 8:**        State the names of the employees hired by Plaintiff during his employment with the defendant.

      **ANSWER NO. 8:**     Defendant objects to this Interrogatory on the grounds its reference to "hired by Plaintiff" is vague and ambiguous.  Defendant further objects to this Interrogatory on the grounds it is overly broad and seeks information which has no tendency to make any material fact more or less probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401.  Specifically, Plaintiff's Amended Complaint confirms in no uncertain terms that he "is not making any claims on a representative basis,

only for himself." Plaintiff is also not claiming that he was subjected to disparate treatment or discriminated against in any way. As such, the names of the individuals for whom Plaintiff served as a decision-maker in their hiring by Defendant are irrelevant to the claims and defenses at issue, *e.g.,* whether Defendant properly paid Plaintiff under the FLSA for all time worked and whether Defendant timely provided or caused to be provided to Plaintiff the notices required under COBRA following his separation from employment.

To the extent this Interrogatory requests Defendant state the number of individuals for whom Plaintiff participated in Defendant's selection, interview, or hiring decision between August 19, 2019 (*i.e.,* three years prior to the institution of this suit) and March 16, 2022 (*i.e.*, Plaintiff's last day of employment with Defendant), Defendant states the precise number of individuals is unknown but that Plaintiff did participate in Defendant's decision-making process with respect to the selection, interview, and hiring of Defendant's employees during such time.


**INTERROGATORY NO. 9:**        State the names of the employees that Plaintiff terminated during his employment with the defendant.

**ANSWER NO. 9:**    Defendant objects to this Interrogatory on the grounds its reference to "hired by Plaintiff" is vague and ambiguous. Defendant further objects to this Interrogatory on the grounds it is overly broad and seeks information which has no tendency to make any material fact more or less probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401. Specifically, Plaintiff's Amended Complaint confirms in no uncertain terms that he "is not making any claims on a representative basis, only for himself." Plaintiff is also not claiming that he was subjected to disparate treatment or discriminated against in any way. As such, the names of the individuals for whom

Plaintiff served as a decision-maker in their hiring by Defendant are irrelevant to the claims and defenses at issue, *e.g.,* whether Defendant properly paid Plaintiff under the FLSA for all time worked and whether Defendant timely provided or caused to be provided to Plaintiff the notices required under COBRA following his separation from employment.

To the extent this Interrogatory requests Defendant state the number of individuals for whom Plaintiff participated in Defendant's decision to terminate such person's employment between August 19, 2019 (*i.e.,* three years prior to the institution of this suit) and March 16, 2022 (*i.e.*, Plaintiff's last day of employment with Defendant), Defendant states the precise number of individuals is unknown but that Plaintiff did participate in Defendant's decision-making process with respect to the termination of Defendant's employees during such time.

**INTERROGATORY NO. 10:**     Describe in detail the job duties of Plaintiff.

**ANSWER NO. 10:**  Defendant objects to this Interrogatory as duplicative of Interrogatory No. 7 and directs Plaintiff to Defendant's response thereto.

**INTERROGATORY NO. 11:**     State the names and last known addresses and phone numbers of the employees that Plaintiff supervised during his employment with defendant.

**ANSWER NO. 11:**  Defendant objects to this Interrogatory on the grounds it is overly broad, not limited in relevant temporal scope, infringes upon the privacy rights of third-party individuals, and seeks information which has no tendency to make any material fact more or less probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401.  Specifically, the identities of Plaintiff's subordinates are irrelevant to the claims and defenses at issue, *e.g.,* whether Defendant properly paid Plaintiff under

the FLSA for all time worked and whether Defendant timely provided or caused to be provided to Plaintiff the notices required under COBRA following his separation from employment.

To the extent this Interrogatory seeks information regarding the number of employees supervised by Plaintiff between August 19, 2019 (*i.e.,* three years prior to the institution of this suit) and March 16, 2022 (*i.e.*, Plaintiff's last day of employment with Defendant), Defendant states Plaintiff supervised approximately 20 to 30 FLOs, 1 Tasker, 2 Lead, and 4 to 7 Laborers per shift.

**INTERROGATORY NO. 12:**     Please identify all persons who have knowledge of any relevant facts, documents, or tangible things relating in any way to the claims, defenses, or allegations in this lawsuit.  You are asked to disclose any such person, even if the person does not have personal knowledge.

**ANSWER NO. 12:**   Defendant objects to this Interrogatory on the grounds its request Defendant identify "persons who have knowledge of any relevant facts, documents, or tangible things relating in any way to … this lawsuit… even if the person does not have personal knowledge" is vague, ambiguous, overly broad, and seeks information which has no tendency to make any material fact more or less probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401.

In accordance with the requirements of Fed. Civ. P. 26(a)(1)(A)(i)—which makes discoverable "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment," Defendant states as follows:

a.  Plaintiff Jason Walters

Plaintiff is presumed to have knowledge regarding his claims in this suit.

b.  John Dobbins
c/o Fisher & Phillips

Mr. Dobbins is a Senior Director for Defendant and, while Plaintiff was employed by Defendant, served as General Manager supervising Plaintiff. Mr. Dobbins may have information regarding the job duties attendant to Plaintiff's Operations Supervisor role and hours worked during the period he supervised Plaintiff.

c.  Adam Elliott
c/o Fisher & Phillips

Mr. Elliott is a General Manager for Defendant and supervised Plaintiff while he was employed by Defendant, and may have information regarding the job duties attendant to Plaintiff's Operations Supervisor role and hours worked during the period he supervised Plaintiff.

d.  Andrew Miranda
c/o Fisher & Phillips

Mr. Miranda is an Operations Supervisor for Defendant and worked alongside Plaintiff while he was employed by Defendant, and may have information regarding the job duties attendant to Plaintiff's Operations Supervisor role and hours worked during the relevant period (*i.e.,* from 2019 through his date of separation).

e.  Sheila Frazier
c/o Fisher & Phillips

Ms. Shaw is an Operations Supervisor for Defendant and worked alongside Plaintiff while he was employed by Defendant, and may have information regarding the job duties attendant to Plaintiff's Operations Supervisor role and hours worked during the relevant period (*i.e.,* from 2019 through his date of separation).

f.  Eartis Shaw
c/o Fisher & Phillips

Mr. Shaw is an Operations Manager for Defendant and was Plaintiff's most recent supervisor while employed by Defendant and may have information regarding Plaintiff's job duties and hours worked during the relevant period (*i.e.,* from 2019 through his date of separation).

g.  Corporate Representative(s) of Defendant
c/o Fisher & Phillips

Defendant's to-be-identified corporate representative(s) may have information regarding Defendant's relevant policies and procedures regarding classification of employees as exempt or non-exempt, overtime, recording hours worked, pay statements, and reporting concerns regarding pay.

h.  Corporate Representative(s) of Businesssolver, Inc.
1025 Ashworth Rd.
West Des Moines, IA 50265

The to-be-identified corporate representative(s) of Businesssolver, Inc. may have information regarding the COBRA notice provided to Plaintiff in connection with his separation from employment with Defendant.

**INTERROGATORY NO. 13:**      For every person you have identified in answer to the preceding interrogatory, state the basis for, and substance of, the relevant knowledge you believe the person has or may have.

**ANSWER NO. 13:**   Defendant objects to this Interrogatory on the grounds its instruction to "state the basis for... the relevant knowledge you believe the person has or may have" is vague and ambiguous.   Defendant further incorporates Defendant's response to Interrogatory No. 12 as though fully set forth herein.

**INTERROGATORY NO. 14:**      State all conversations that Defendant had with current and/or former employees regarding wages that were not paid correctly.

**ANSWER NO. 14:**   Defendant objects to this Interrogatory to the extent it seeks information protected by the attorney-client and/or attorney work product privileges. Defendant further objects to this Interrogatory on the grounds it is overly broad, not limited in relevant temporal scope, infringes upon the privacy rights of third-party individuals, and seeks information which has no tendency to make any material fact more or less probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401.   Specifically, Plaintiff's Amended Complaint confirms in no uncertain terms that he

"is not making any claims on a representative basis, only for himself." As such, any conversations Defendant had with Plaintiff's coworkers regarding any claim or concern by such individual that he or she had not been paid correctly are irrelevant to the claims and defenses at issue, *e.g.,* whether Defendant properly paid Plaintiff under the FLSA for all time worked and whether Defendant timely provided or caused to be provided to Plaintiff the notices required under COBRA following his separation from employment. Defendant further objects to this Interrogatory on the grounds that it is unduly burdensome in that responding thereto would require Defendant to interview every one of its employees and review every communication in its possession, custody, or control to determine whether or not two or more of Defendant's employees had ever communicated with one another regarding wages and identify and produce each such communication that could be construed as "regarding wages that were not paid correctly."

To the extent this Interrogatory seeks a description of each conversation Brandy Boylan or Mickey Moza, former Human Resources Representatives responsible for the Goodyear-Forney site, or Plaintiff's then-supervisor(s), had with Plaintiff between August 19, 2019 (*i.e.,* three years prior to the institution of this suit) and March 16, 2022 (*i.e.,* Plaintiff's last day of employment with Defendant) wherein Plaintiff reported any concern that he had not been properly paid all wages earned, Defendant states no such communications have been identified.

**INTERROGATORY NO. 15:**     Describe all benefits, at the facilities where Plaintiff was employed by Defendant, that were paid to employees from January 1, 2020 to present.

**ANSWER NO. 15:**   Defendant objects to this Interrogatory on the grounds its instruction to "[d]escribe all benefits" and its reference to "benefits, at the facilities where Plaintiff was

employed by Defendant, that were paid to employees" are vague and ambiguous. Defendant further objects to this Interrogatory on the grounds it is overly broad, not limited in relevant temporal scope, and seeks information which has no tendency to make any material fact more or less probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401. Specifically, the employment benefits Defendant made available to, but that were not elected by, Plaintiff as of the date of his separation from employment are irrelevant to the claims and defenses at issue, *e.g.,* whether Defendant properly paid Plaintiff under the FLSA for all time worked and whether Defendant timely provided or caused to be provided to Plaintiff the notices required under COBRA following his separation from employment.

To the extent this Interrogatory requests Defendant identify the employment benefits provided by Defendant and elected by Plaintiff as of his separation date from employment with Defendant, Defendant identifies: Medical, Dental, and Vision Insurance; Dependent Life Insurance; and Group Term Life Insurance.

**INTERROGATORY NO. 16:**       State the hours that Plaintiff was required to work at his employment with Defendant from January 1, 2020 to the date of his termination by the defendant.

**ANSWER NO. 16:**   Defendant states that, between January 1, 2020 and January 2021, Plaintiff was generally assigned to work 12-hours shifts, four days per week. During calendar year 2020, Plaintiff was asked to cover up to two additional 12-hour shifts per month. For any week in which Plaintiff worked an extra shift during this period, he was provided a 12-hour "comp day"—meaning he could take an entire shift off with full pay. Therefore, in any week in which Plaintiff used a "comp day" he would only have worked 36 hours, rather than his normally scheduled 48 hours, but would have received his full

salary.  There were also occasions in 2020 wherein Plaintiff used two or three comp days in the same week.

From January 2021 through the date of his separation, Plaintiff was generally assigned to work 12-hours shifts, three days per week.  During this period, Plaintiff was asked to cover up to one additional 12-hour shift per month.

**INTERROGATORY NO. 17:**       State the name of the General Manager at the facility where Plaintiff was employed during Plaintiff's employment with the Defendant.

**ANSWER NO. 17:**   Defendant objects to this Interrogatory on the grounds it is overly broad, not limited in relevant temporal scope, and seeks information which has no tendency to make any material fact more or less probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401.  Specifically, Plaintiff's Amended Complaint does not assert that Plaintiff was subjected to disparate treatment or discriminated against in any way, nor does it assert any claim for unlawful retaliation or wrongful termination.  As such, the names of every individual who ever served as a General Manager at the Goodyear-Forney site during the entire term of Plaintiff's employment with Defendant are irrelevant to the claims and defenses at issue, *e.g.,* whether Defendant properly paid Plaintiff under the FLSA for all time worked and whether Defendant timely provided or caused to be provided to Plaintiff the notices required under COBRA following his separation from employment.

**INTERROGATORY NO. 18:**       State the name of the Operation Manager at the facility where Plaintiff was employed during Plaintiff's employment with the Defendant.

**ANSWER NO. 18:**   Defendant objects to this Interrogatory on the grounds it is overly

broad, not limited in relevant temporal scope, and seeks information which has no tendency to make any material fact more or less probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401.  Specifically, Plaintiff's Amended Complaint does not assert that Plaintiff was subjected to disparate treatment or discriminated against in any way, nor does it assert any claim for unlawful retaliation or wrongful termination.  As such, the names of every individual who ever served as an Operations Manager for Defendant during the entire term of Plaintiff's employment with Defendant are irrelevant to the claims and defenses at issue, *e.g.,* whether Defendant properly paid Plaintiff under the FLSA for all time worked and whether Defendant timely provided or caused to be provided to Plaintiff the notices required under COBRA following his separation from employment.


Respectfully Submitted,

/s/ *Theanna Bezney*
Arthur V. Lambert
Texas Bar No. 11841250
Theanna Bezney
Texas Bar No. 24089243
FISHER & PHILLIPS LLP
500 N. Akard Street, Suite 3550
Dallas, TX 75201
Telephone: (214) 220-9100
Facsimile: (214) 220-9122
*alambert@fisherphillips.com*
*tbezney@fisherphillips.com*

**COUNSEL FOR DEFENDANT EXEL INC. d/b/a DHL SUPPLY CHAIN**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 23rd day of December, 2022, a true and correct copy of the foregoing was served by email upon all counsel of record, as follows:

Bob Whitehurst
5380 Old Bullard Road, Suite 600., #363
Tyler, Texas 75703

*/s/ Theanna Bezney*
Theanna Bezney

| CO. | FILE | DIV. | DEPT. | VCHR. NO. |
|---|---|---|---|---|
| 7LI | 109311 | 3517 | 003060 | 0000082581 |

**HRIS** 003450

# Earnings Statement

**ADP**

*EXEL, INC.*
*DBA DHL SUPPLY CHAIN*
*360 WESTAR BVLD.*
*WESTERVILLE, OH 43082*

Period Beginning:     02/14/2022
Period Ending:        02/27/2022
Pay Date:             02/25/2022

Taxable Marital Status:     Married
Exemptions/Allowances:
  Federal:        0,$25 Additional Tax
  TX:             No State Income Tax

**JASON R WALTERS
142 COUNTY ROAD 2437
MINEOLA TX 75773**

| Earnings | rate | units | this period | year to date |
|---|---|---|---|---|
| Regular | 29.08 | 80.00 | 2,326.92 | 9,307.68 |
| **Gross Pay** | | | **$2,326.92** | 9,307.68 |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -191.12 | 764.48 |
| | Social Security Tax | -135.12 | 540.50 |
| | Medicare Tax | -31.60 | 126.41 |
| | **Other** | | |
| | Dependent Life | -1.89 | 7.56 |
| | Pretax Dental | -17.10* | 68.40 |
| | Pretax Medical | -113.22* | 452.88 |
| | Pretax Vision | -17.68* | 70.72 |
| | 401K Sav Pretax | -162.88* | 651.52 |
| | **Net Pay** | **$1,656.31** | |
| | Checking | -1,656.31 | |
| | **Net Check** | **$0.00** | |

**\* Excluded from federal taxable wages**

Your federal taxable wages this period are
$2,016.04

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Group Term Life | 0.53 | 2.12 |
| Totl Hrs Worked | 80.00 | |

**Important Notes**
YOUR COMPANY PHONE NUMBER IS 866-504-6943

VERIFY YOUR ADDRESS ON YOUR EARNINGS STATEMENT
CONTACT YOUR HR MANAGER ASAP IF A CHANGE IS
NEEDED

For customer service assistance, contact askPAYROLL via
Email at askPAYROLL@dhl.com    or telephone 1-866-504-6943

For easy access to your pay information, logon to MyADP at
**https://My.ADP.com**

| Kronos PTO | YTD Taken | Balance |
|---|---|---|
| General Purpose | 0.00 | 0.00 |
| Personal | 0.00 | 0.00 |
| Sick | 0.00 | 0.00 |
| Vacation | 0.00 | 0.00 |

**Employee Info**

| Vantage ID | 18026700 |
|---|---|

© 2000 A DP, LLC

DHL SUPPLY CHAIN
360 WESTAR BLVD.
WESTERVILLE, OH 43082

Advice number:      **00000082581**
Pay date:           02/25/2022

| Deposited to the account of | account number | transit ABA | amount |
|---|---|---|---|
| JASON R WALTERS | xxxx7285 | xxxx xxxx | $1,656.31 |



**THIS IS NOT A CHECK**

# NON-NEGOTIABLE

APP 00017