IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON WALTERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-cv-01840-K |
| | § | |
| EXEL, INC. D/B/A DHL SUPPLY CHAIN, | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S REPLY TO PLAINTIFF'S "BRIEF IN REPLY IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT"

Defendant Exel Inc. d/b/a DHL Supply Chain ("Defendant" or "Exel") files this Reply to Plaintiff Jason Walter's "Brief in Reply in Opposition to Defendant's Motion for Summary Judgment" ("Plaintiff's Sur-Reply") [Dkt. 64.] In support thereof, Defendant would respectfully show the Court as follows:

### I.   SUMMARY

As an initial matter, the docket reflects that Plaintiff filed a Reply to Defendant's Motion to Strike Plaintiff's Inadmissible Summary Judgment Evidence. [*See* Dkt. 64]. However, upon reviewing the actual filing, it is, in vast majority, a sur-reply to Defendant's Motion for Summary Judgment where Plaintiff improperly attempts to submit further evidence. Accordingly, Plaintiff is in violation of LOCAL RULE 56.7, as Plaintiff did not seek the permission of the presiding judge and may not file such a supplemental filing. Moreover, Plaintiff appears to start off his Sur-Reply by improperly asking the Court to strike all of Defendant's summary judgment evidence. Thus, the Court should reject all portions of and exhibits to Plaintiff's Sur-Reply that fall outside the scope of responding to Defendant's Motion to Strike Plaintiff's Inadmissible Summary Judgment Evidence ("Defendant's Motion to Strike"). [*See* Dkt. 61.]

With regard to the portions of Plaintiff's Sur-Reply that actually address the issues raised in Defendant's Motion to Strike (Sections II-IV of Plaintiff's Sur-Reply), Plaintiff attempts to cite to his own declaration to somehow authenticate the text messages of third parties. However, Plaintiff's declaration in fact does <u>not</u> authenticate any of the text messages. Plaintiff also does not address his conclusory and speculative remarks as it relates to Plaintiff's APP 135 (an unauthenticated spreadsheet), but rather asserts that Defendant somehow failed to supplement its responses to interrogatories. Accordingly, Defendant respectfully requests the Court to grant its Motion to Strike.

## II.    ARGUMENTS AND AUTHORITIES

**A.    Plaintiff Does Not Deny His Conclusory Remarks and Speculation Based on Plaintiff's APP 135**

Plaintiff relies on Plaintiff's APP 135, an unauthenticated spreadsheet, to assert that he was replaced by a 24-year-old employee and that there was a pattern of age discrimination as to several employees over the age of 40 being terminated. Plaintiff bases this on nothing but his own incorrect and unsupported conclusions. Plaintiff does not deny that his assertion is based on nothing but speculation and incorrect conclusion. Instead, he argues that Defendant did not supplement its response to an interrogatory. However, Plaintiff ignores the plethora of evidence cited by Defendant that Plaintiff was <u>not</u> replaced by a 24-year-old employee. *See* Defendant's APP 073, Lines 9-17; APP 074, Lines 6-18; APP 126, Lines 5-9; APP 015, Line 25; APP 016, Lines 1-6, APP 186, ¶¶ 8-9.

Accordingly, Plaintiff has failed to demonstrate that the evidence and assertions based on Plaintiff's APP 135 is admissible evidence, and therefore they should be struck by the Court.

**B.    Plaintiff Fails to Demonstrate that Plaintiff's APP 0011-0025 is Admissible Evidence**

Plaintiff relies on Plaintiff's APP 0011-0025, which are bits and pieces of text messages

from different people, to assert that "Eartis Shaw was in charge of the employees, and made the decision as to whether run and [sic] extra shift or not." Instead of presenting evidence to authenticate the text messages, Plaintiff argues, "a closer look at said documents reveal that APP000011, APP000013, APP000023, and APP000025 were all made by Eartis Shaw. The purpose being to show that Eartis Shaw was in charge." This does not authenticate the text messages. Moreover, the text messages simply do not stand for the proposition that Plaintiff asserts. Plaintiff goes on to argue that deposition testimony and his own declaration "supports" the contention. The deposition testimony that Plaintiff cites and Plaintiff's declaration are not the subject of Defendant's Motion to Strike. The text messages are. Plaintiff has not overcome Defendant's argument that Plaintiff's APP 0011-0025 are inadmissible evidence and therefore they should be struck by the Court.

C.     **Plaintiff Fails to Demonstrate that Plaintiff's APP 119 is Admissible Evidence**

Plaintiff, for the first time, alleges that Plaintiff's APP 119 is regarding Ms. Hooper, citing to his own declaration as "supporting" the text message. Plaintiff's declaration states, "After I was terminated, I corresponded with Tammy Williams, who is/was a manager at the facility. One of the email/text from Ms. Williams staated [sic] in 'I will definitely send Mickey an email today when I get to Kentucky.. She is one of the biggest racists I have ever worked with.' (See Exhibit 'D' attached hereto." Plaintiff's APP 115, line 6-8.

Plaintiff's APP 119 is a text message exchange that states:

> **I will definitely send Mickey an email <u>today</u> when I get to Kentucky. I am so sorry your [sic] going through this. She is one of the biggest racists I have ever worked with.**
>
> **Yes she is**
> **Thank you so much…that was end of Thursday.**

Plaintiff's APP 119.

Nowhere is Ms. Hooper's name mentioned in the text message or in Plaintiff's declaration. This is simply not supported by any evidence. Further, as stated in Defendant's Motion to Strike, Plaintiff asserts no race discrimination claim. Thus, the materials constitute nothing more than inadmissible hearsay and its probative value is substantially outweighed by unfair prejudice and confusing the issues. FED. R. EVID. 403. Plaintiff has failed to overcome Defendant's argument that Plaintiff's APP 119 is inadmissible evidence and it therefore should be struck by the Court.

**D.   Plaintiff Improperly Seeks to Exclude All of Defendant's Summary Judgment Evidence**

Plaintiff begins his Sur-Reply by referring to interrogatory responses from Defendant and arguing that Defendant did not amend or supplement the responses and therefore "all of the summary judgment evidence of the Defendant be stricken and/or denied." As an initial matter, Plaintiff seems to tack on his own motion to strike of sorts in his Sur-Reply instead of filing a proper motion of his own and including a proper certificate of conference. Accordingly, Plaintiff has not sought proper relief under LOCAL RULE 7.1.

Moreover, Plaintiff does not identify any specific evidence or evidentiary grounds on which Defendant's summary judgment evidence should be stricken. Plaintiff appears to ignore the plethora of evidence offered by Defendant through deposition testimony, declaration, and the like. Federal Rule of Civil Procedure 56 provides that a party asserting facts in a summary judgment motion must support the assertion by citing to "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations… or other materials." FED. R. CIV. P. 56. Defendant's summary judgment evidence is clearly admissible and Plaintiff's blanket argument has not shown otherwise.

E.   **The Remainder of Plaintiff's Sur-Reply is Improper and Should Be Rejected**

LOCAL RULE 56.7 states,

> **LR 56.7 Limit on Supplemental Materials.**
>
> Except for the motions, responses, replies, briefs, and appendixes required by these rules, <u>**a party may not, without the permission of the presiding judge**</u>, file supplemental pleadings, briefs, authorities, or evidence."

LOCAL RULE 56.7 (emphasis added).

Here, Sections V-XIII of Plaintiff's Sur-Reply present arguments related to Defendant's Motion for Summary Judgment [Dkt. 56] and Defendant's Reply in Support of Its Motion for Summary Judgment [Dkt. 63] (jointly "Defendant's MSJ"). Plaintiff had already filed his Opposition to Defendant's Motion for Summary Judgment [Dkt. 59]. Plaintiff has not sought permission of the presiding judge to file supplemental materials to Defendant's Motion for Summary Judgment. Accordingly, Sections V-XIII and all portions of and exhibits to Plaintiff's Sur-Reply that attempt to present further arguments as to Defendant's MSJ are improper and should not be considered.

F.   **Even if the Court Considers Plaintiff's Improper Summary Judgment Arguments, Plaintiff's Claims Still Fail**

   1. *Plaintiff's Age Discrimination Claim Still Fails*

As stated plainly in Defendant's MSJ, Plaintiff was terminated for putting his hands on a subordinate and threatening her. Plaintiff can try to minimize and characterize it as "lightly touching" his subordinate and argue various reasons surrounding it, but the fact remains the same. Even taking everything Plaintiff has asserted as true, Plaintiff has not created a genuine dispute of material fact regarding his age discrimination claim.

### 2. *Plaintiff's Fair Labor Standards Act Claim Still Fails*

Similarly, Plaintiff's argument that Eartis Shaw set the schedule for operations supervisors and work in the warehouse does not negate the long list of managerial duties that Plaintiff performed and acknowledged performing. Moreover, Plaintiff appears to continue to focus on the administrative exemption, whereas Defendant has clearly set forth that Plaintiff falls under the executive exemption.

Plaintiff attempts to minimize the scope of his duties. However, by his own account, he admitted his responsibilities included process improvement and planning, supervised a 45-member team, managed labor and expenses, delegated work to staff and set their priorities, set employees' schedules, recruited and interviewed employees to fill vacant roles, recommended subordinate employees for promotions, monitored employees for safety – and if someone was having an issue, he would discuss with them how to improve and if those efforts were unsuccessful, would issue disciplinary action, etc. *See* Defendant's APP 041, Lines 9-21; APP 049, Line 25; APP 050, Lines 1-11; APP 049, Line 25; APP 050, Lines 1-11; APP 062-063, APP 189-191; APP 038, Lines 10-20; APP 039, Lines 14-19; APP 044, Line 25; APP 045, Lines 1-9; APP 051, Lines 6-15; APP 054, Lines 14-20. Plaintiff rewrote and modernized the procedural manuals for Defendant's Forney, Texas warehouse, which he did based upon his knowledge and experience. Defendant's APP 042, Lines 7-25; APP 043, Lines 1-17. When Exel relocated its operations from Terrell to Forney, Texas, Plaintiff testified he was in charge of shutting down and setting up Exel's operations at those facilities. Defendant's APP 043, Lines 18-25. On a daily basis, Plaintiff used his skills and experience to determine how to best address problems that had been reported to him by the prior shift's Operations Supervisor and to set the warehouse's priorities for the day. Defendant's APP 008, Lines 16-25; APP 009, Lines 1-25; APP 010, Lines 1-25; APP 011, Lines 1-25; APP 012,

Lines 1-5; APP 053, Lines 13-23. <u>Plaintiff does not dispute any of this</u>.

Once again, even taking everything Plaintiff has asserted as true, Plaintiff has not created a genuine dispute of material fact regarding his Fair Labor Standards Act claim.

### 3. *Plaintiff's COBRA Claim Still Fails*

Plaintiff objects to Andrew Etter's declaration on the basis that it does not state the actual COBRA notice was mailed to Plaintiff. That was not the purpose of Mr. Etter's declaration. The purpose of Mr. Etter's declaration was that he explicitly notified Plaintiff's counsel that the COBRA notice was timely sent and provided Plaintiff's counsel a copy of the COBRA notice that was sent to Plaintiff. Defendant's APP 226, ¶ 3; APP 229-239; APP 240-24. Despite being informed of this and the clear evidence provided, Plaintiff nevertheless pursued this baseless claim and therefore Defendant should be awarded its attorneys' fees in connection with Plaintiff's COBRA claim.

Further, Mr. Bruce Gillis' declaration clearly states:

> On or about March 22, 2022, Businessolver sent Plaintiff the required COBRA information on behalf of Defendant regarding the continuation of Plaintiff's health care coverage and other health care options at his last known address, 142 County Road 2437, Mineola, Texas 75773. Exhibit A attached is a true and correct copy of the COBRA Qualifying Event Notice /Election Form sent to Plaintiff.

Defendant's APP 214 at ¶7. Plaintiff's attempt to parse the word "mail" when the evidence clearly states the notice was sent to Plaintiff's home address is not well taken.

### III. CONCLUSION AND PRAYER

For the forgoing reasons, Defendant prays that the Court grant its Motion to Strike, exclude all portions of the incompetent evidence identified therein, and disregard all arguments set forth in Plaintiff's Opposition to Defendant's Motion for Summary Judgment that rely upon incompetent, inadmissible and/or otherwise improper evidence. Further, Defendant prays the Court disregard

all improper summary judgment arguments made by Plaintiff, and that Defendant's motion for summary judgment be granted in its entirety.

Respectfully submitted,

*/s/ Annie Lau*
Annie Lau
Texas Bar No. 24057723
FISHER & PHILLIPS LLP
500 N. Akard Street, Suite 3550
Dallas, Texas 75201
Telephone: (214) 220-9100
Facsimile: (214) 220-9122
*alau@fisherphillips.com*

**COUNSEL FOR DEFENDANT
EXEL INC. d/b/a DHL SUPPLY CHAIN**

## CERTIFICATE OF SERVICE

On the 8th day of April, 2024, I filed the foregoing document with the Clerk of Court for the United States District Court, Northern District of Texas, using the Court's Electronic Case Filing system. I hereby certify that I have served the document on all counsel of record by a manner authorized by FED. R. CIV. P. 5 (b)(2).

Bob Whitehurst
5380 Old Bullard Road, Suite 600, #363
Tyler, TX 75703
*whitehurstlawfirm@yahoo.com*

Donald E. Uloth
LAW OFFICE OF DONALD E. ULOTH
18208 Preston Road, Suite D-9 #261
Dallas, TX 75252
*don.uloth@uloth.pro*

*/s/ Annie Lau*
Annie Lau