IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**JASON WALTERS**
**Plaintiff**

vs.                                               **CIVIL ACTION 3:22-cv-01840-C**
                                                           **JURY REQUESTED**

**EXEL, INC. D/B/A**
**DHL SUPPLY CHAIN**
**Defendant**

**PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO FILE REPLY BRIEF TO DEFENDANT'S BRIEF IN REPLY IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Plaintiff, in the above entitled and numbered cause, and respectfully requests leave of court to file his Reply Brief, in Opposition to Defendant's Motion for Summary Judgment, that was filed on March 25, 2024, without leave of court.

(See Exhibit "A" attached hereto and incorporated by reference herein.).

I.

Plaintiff requests leave of court to file a Reply to Defendant's Reply in Support of its Motion for Summary Judgment and would show this Honorable Court as follows:

II.

Motions for leave to amend are typically governed by [Federal Rule of Civil Procedure] 15(a)(2), or, if the time to seek leave to amend has expired, by [Federal Rule of Civil Procedure] 16(b)(4) and then by Rule 15(a)(2)."). When the party is not subject to an expired deadline for seeking leave to amend, Rule 15(a) requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). Leave to amend is not automatic, *Jones v. Robinson Prop.*

*Grp.,* L.P., 427 F.3d 987, 994 (5th Cir. 2005), but the federal rules' policy "is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). The Court "may consider a variety of factors" when deciding whether to grant leave to amend, "including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones,* 427 F.3d at 994.   Rule 15(a) provides a "strong presumption in favor of granting leave to amend,"*Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), and the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy*, 660 F.2d at 598; accord Jebaco Inc. v. Harrah's Operating Co. Inc., 587 F.3d 314, 322 (5th Cir. 2009) ("leave to amend is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile").

III.

First Plaintiff has no excuse for failing to file a leave to amend prior to filing Plaintiff's Brief in Reply in Opposition to Defendant's Motion for Summary Judgment.

IV.

**CONCLUSION**

The  facts to be decided by the trier of fact to whether was or was not an exempt employee under the Fair Labor Standards Act, whether Plaintiff was terminated because of his age, and whether the required COBRA requirements were completed by the Defendant.

WHEREFORE PREMISES CONSIDERED, Plaintiff Jason Walters prays that, the Court grant Plaintiff's Motion for Leave to File Reply Brief to Defendant's Brief in Reply in

Opposition to Defendant's Motion for Summary Judgment, and that Plaintiff have such other and further relief to which he may show himself justly entitled, whether at law or in equity

                    Respectfully submitted

                    _/S/_____
                    Bob Whitehurst
                    State Bar No. 21358100
                    Bob Whitehurst
                    5380 Old Bullard Road
                    Suite 600, #363
                    Tyler, Texas 75703
                    (903)593-5588
                    (214)853-9382

### CERTIFICATE OF CONFERENCE

In accordance with Local Rules, I certify that I attempted to confer with Defendant's Counsel regarding the brief filed on March 25, 2024 via phone and email. Defendant's counsel indicated that her client was opposed to said reply.

Dated April 15, 2024.

                    /s/ Bob Whitehurst
                    Bob Whitehurst

### CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing instrument was served upon the attorney's of record in accordance with the applicable Rules of Civil Procedure on this 15th day of April, 2024

                    *Bob Whitehurst*
                    Bob Whitehurst

Annie Lau
Texas Bar No. 24057723
FISHER & PHILLIPS LLP
500 N. Akard Street, Suite 3550
Dallas, Texas 75201
Telephone: (214) 220-9100
Facsimile: (214) 220-9122
*alau@fisherphillips.com*