EXHIBIT "A"

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

**JASON WALTERS**
**Plaintiff**

**vs.**                                          **CIVIL ACTION 3:22-cv-01840-C**
                                                  **JURY REQUESTED**

**EXEL, INC. D/B/A**
**DHL SUPPLY CHAIN**
**Defendant**

### PLAINTIFF'S BRIEF IN REPLY IN OPPOSITION TO DEFENDANT'S
### MOTION FOR SUMMARY JUDGMENT

                              Respectfully submitted
                              _/S/_____
                              Bob Whitehurst
                              State Bar No. 21358100
                              Bob Whitehurst
                              5380 Old Bullard Road
                              Suite 600, #363
                              Tyler, Texas 75703
                              (903)593-5588
                              (214)853-9382

## CERTIFICATE OF SERVICE

        The undersigned certifies that a true and correct copy of the foregoing instrument was served upon the attorney's of record in accordance with the applicable Rules of Civil Procedure on this 25th day of March, 2024

*Bob Whitehurst*

                Bob Whitehurst

Annie Lau
Texas Bar No. 24057723
FISHER & PHILLIPS LLP
500 N. Akard Street, Suite 3550
Dallas, Texas 75201
Telephone: (214) 220-9100
Facsimile: (214) 220-9122
alau@fisherphillips.com

TABLE OF CONTENTS

1.  Documents not supplemented........................................................................1

2.  Names of person....................................................................................3

3. Texts/emails from Eartis Shaw.....................................................................3

4. Racist Comment.....................................................................................4

5.  Does not dispute..................................................................................4

6. Must Consider.......................................................................................6

7. Discretion..........................................................................................7

8.  Judicial Notice...................................................................................8

9.  Damaages..........................................................................................8

10. Statement..........................................................................................9

11. Age discrimination................................................................................10

12. Cobra Notice......................................................................................11

13.  Conclusion.......................................................................................11

TABLE OF AUTHORITIES

*Cases*

*Aikens v. Cent. Oregon Truck Co., Inc.*, No. 4:20-CV-00567, 2021 WL 4312712, at *4 (E.D. Tex. Sept. 22, 2021).

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)..............................................9

*Burgos v. Sw. Bell Telephone Co.*, 20 F.3d 633, 635 (5th Cir. 1994................................9, 10

*Colonial Leasing of New England, Inc. v. Logistics Control Int'l*, 770 F.2d 479 (5th Cir. 1985)......................................................................................................................8

*Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 421 (5th Cir. 2007) ................................11

*DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005) ..........................................10

*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc........9
.

*Everett Fin., Inc. v. Primary Residential Mortg., Inc.*,
No. 3:14-cv-1028-D, 2017 WL 784766, at *2 (N.D. Tex. Feb. 28, 2017). ......... .............2

*Fuller v. CIG Fin., LLC*, No. 3:22-cv-1289-D, 2023 WL 8482889,
at *2-*3 (N.D. Tex. Dec. 7, 2023) ..................................................................................2

*Hager v. DBG Partners, Inc.* 903 F. 3d 460, 468 (5th Cir. 2018).   ...................................11

*Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.*,
579 F.3d 546, 552 (5th Cir. 2009) ..................................................................................10

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994)........................................10
*Lopez v. Fun Eats & Drinks, LLC*, No. 3:18-cv-1091-X, 2021
WL 3502361,  (N.D. Tex. July 16, 2021)............................................................. .............3

*McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988))........................................8

*Olivarez v. Geo Group, Inc.*, 844 F.3d 200, 203 (5th Cir. 2016).......................................2

*Pye v. Oil States Energy Servs., LLC*, 233 F. Supp. 3d 541, 564 (W.D. Tex. 2017) .. .....9

*Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)....................6
.

*United States v. Bertram*, 259 F. Supp. 3d 638, 640 (E.D. Ky. 2017)................................4

*Statutes*

Federal Rule of Civil Procedure 26(e)(1) ......................................................................1

FED. R. CIV. P. 26(e)(1 ........................................................................................1, 2

Federal Rule of Civil Procedure] 37(b)(2)(A)(i)-(vi)." ...............................................2

FED. R. CIV. P. 37(c)(1); ...........................................................................................2

Fed. R. Evid. 901(a)................................................................................................4

Fed. R. Evid. 201(d))................................................................................................8

29 U.S.C. § 255(a)...................................................................................................8

29 C.F.R. §§ 541.103-541.117...................................................................................6

29 C.F.R. § 541.700...................................................................................................7

 29 C.F.R. § 541.201(b). .............................................................................................7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**JASON WALTERS**
**Plaintiff**

**vs.**                                                    **CIVIL ACTION 3:22-cv-01840-C**
                                                          **JURY REQUESTED**

**EXEL, INC. D/B/A**
**DHL SUPPLY CHAIN**
**Defendant**

**PLAINTIFF'S BRIEF IN REPLY  IN OPPOSITION TO DEFENDANT'S S   MOTION FOR**
**SUMMARY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Plaintiff Jason Walters ("Walters" or "Plaintiff"), and files this his Reply to

Defendants' Reply in Support of its  Motion for Summary Judgment and for same would show the

Court as follows:

I.

**DOCUMENTS NOT SUPPLEMENTED**

Attached hereto are (App 00001-App 00016)  are the responses to interrogatories by the

Defendant.  These interrogatories were not amended and/or supplemented.     Federal Rule of

Civil Procedure 26(e)(1) provides that "[a] party ... who has responded to an interrogatory, [or]

request for production ... must supplement or correct its ... response: (A) in a timely manner if the

party learns that in some material respect the ... response is incomplete or incorrect, and if the

additional or corrective information has not otherwise been made known to the other parties

during the discovery process or in writing; or (B) as ordered by the court." FED. R. CIV. P.

26(e)(1)   Under Rule 26(e)(1), "[s]upplementation or correction must be done `in a timely

manner' upon learning that the [response or answer] is incomplete or incorrect." *Fuller v. CIG Fin., LLC*, No. 3:22-cv-1289-D, 2023 WL 8482889, at \*2-\*3 (N.D. Tex. Dec. 7, 2023) (cleaned up). "Generally, supplementation `should be made at appropriate intervals during the discovery period, and with special promptness as the trial date approaches.' Rule 26 advisory committee's note (1993)."   Courts "have cautioned that problems can arise when they allow supplementation too close to the date of trial." *Everett Fin., Inc. v. Primary Residential Mortg., Inc.*, No. 3:14-cv-1028-D, 2017 WL 784766, at \*2 (N.D. Tex. Feb. 28, 2017).   Under Rule 26(e)(1), "the rules governing discovery impose a duty to supplement disclosures and responses that continues beyond the discovery closing date," the responding or answering party must do so "in a timely manner after receiving" the information or materials requiring supplementation or correction. *Aikens v. Cent. Oregon Truck Co., Inc.*, No. 4:20-CV-00567, 2021 WL 4312712, at \*4 (E.D. Tex. Sept. 22, 2021).

Federal Rule of Civil Procedure 37(c)(1), in turn, provides that, "[i]f a party fails to provide information ... as required by ... [Rule 26(e)(1)], the party is not allowed to use that information ... to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless," and that, "[i]n addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in [Federal Rule of Civil Procedure] 37(b)(2)(A)(i)-(vi)." FED. R. CIV. P. 37(c)(1); accord *Olivarez v. Geo Group, Inc.*, 844 F.3d 200, 203 (5th Cir. 2016)

The disclosing (or late disclosing) party bears the burden of proving the failure to timely

disclose was substantially justified or harmless." *Lopez v. Fun Eats & Drinks, LLC*, No.

3:18-cv-1091-X, 2021 WL 3502361,  (N.D. Tex. July 16, 2021), rep. & rec. adopted, 2021 WL

3493496 (N.D. Tex. Aug. 9, 2021).    Based on the above Plaintiff would request that all of the

summary judgment evidence of the Defendant be stricken and/or denied.

II.

**NAME OF PERSON**

Interrogatory NO. 3, states "State the name of the person and/or person that replaced

Plaintiff after Plaintiff's termination with Defendant."   Plaintiff alleges that John H. Oloh did

and that is supported by APP 000135, and further set out in Plaintiff's response.   Mr. Oloh being

a much younger person.   Defendant's failure to supplement at this late date precludes  Defendant

from now claiming otherwise.

III.

**TEXTS/EMAILS FROM EARTIS SHAW**

Defendant objects to Plaintiff's APP000011 to APP000025; however, a closer look at

said documents reveal that APP000011, APP000013, APP000023, and APP000025 were all

made by Eartis Shaw.   The purpose being to show that Eartis Shaw was in charge.    That is also

supported by the deposition testimony of Adam Elliott, (APP000050, l. 21-24), that Eartis Shaw

sets the schedule.   This is also supported by the declaration of Plaintiff in No. 6, 8, 9, 12, 19, 26,

27, 28, 30,  (APP 000111,  AP000112, AP000114). (l. 11, 13, 14,15) (l. 4, 21,) (l. 20, 21, 22, 23)

(l. 2, 3, 5)

IV.

## RACIST COMMENT

Defendant objects to APP 119 regarding the fact that Tammy Williams stated that Ms. Hooper was one of the biggest racist, she ever worked with.  This is supported by the declaration of Jason Walters, No. 47 (APP000115, L. L. 6-8).   *United States v. Bertram*, 259 F. Supp. 3d 638, 640 (E.D. Ky. 2017)."   [T]he key consideration . . . is not simply whether the witness on the stand was a sender or recipient of the email, but whether the testifying witness can speak to the email's unique characteristics, contents, and appearance." Id. at 641.    To satisfy the requirement of authenticating . . . an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is. Fed. R. Evid. 901(a).  This is supported by the declaration of Mr. Walters. (APP000115, L. 6-8) (No. 47).

V.

## DOES NOT DISPUTE

Defendant does not dispute a great deal of the evidence presented by the Plaintiff.    This evidence  in of itself raises a issue of fact for the trier of fact.  Defendant repeatedly states that Plaintiff put his hands on Ms. Hooper and threatened her.     The best evidence is in fact (1)  the video   (Def. Bate 00118)   that Defendant relies on showing not only Plaintiff lightly touching Ms. Hooper but the actual video with the bright colors the other employees were wearing.    The video does show Mr. Walters working in the same area as the other workers, a guy with a bright orange/yellow shirt on, a guy with a bright green shirt on, and  Mr. Walters explaining that Ms. Hooper was not wearing the proper safety attire. (No. 24, L. 11-17) (APP000122).  In addition the video show forklifts close by these individuals, and the environment was very loud.  (No. 16,

L. 15-16) (APP000112)   (2) the deposition testimony of John Dobbins that Plaintiff's job was to monitor for attendance (APP000044, l. 16-19) (3) that John Dobbins had a discussion with Ms. Hooper that she could be late (APP000045, l. 17-21) (4) that John Dobbins could not remember telling Plaintiff despite the fact that he was her supervisor (APP00046, l. 10-25).   This failure to inform raises a fact question in of itself for the trier of fact, as to whether  if  Plaintiff was in fact a exempt employee or not (5) that both he and Eartis Shaw made the agreement with Ms. Hooper (APP000047, l. 1-4), again if Plaintiff was indeed exempt why was he not informed (6) that Adam Elliott testified that Eartis Shaw set the schedule (APP000050, l. 21-24) (7) that Adam Elliott testified that the operations supervisors all work in the warehouse and possibly where the trucks are (000051, l. 2-17). (8) that Eartis Shaw testified that Plaintiff's job was to correct employees for not having the correct safety gear on (APP000054, l. 10-18) (9) that Ms. Hooper testified that Plaintiff did what the general manager and everybody else told him to do (APP000057, l. 1-9 ) (10) that Ms. Hooper testified that if she was wearing the wrong uniform it would be the job of Plaintiff to correct her (APP000058, l. 7-13)  (11) that Ms. Hooper testified that the job of Plaintiff was to make sure everybody was safe (APP000059, L. 2-7) (12) that Ms. Williams testified that employees were to wear high visibility colors, and Plaintiff's job was to tell employees if they were not wearing the correct colors,  and if he didn't he would not being doing his job.  (APP000062, l. 2-23) (13) that Mickey Moza had a hard time remembering what happened (APP000076-APP000077, l.24-25, l. 1-14 (14) That Mickey Moza may have not been trained, he doesn't recall (APP000079, l. 8-19) (15) That Mickey Moza did not remember much of anything (APP000081-82, l. 7-25, l. 1-11) (16) That Mickey Moza does remember Plaintiff needing the COBRA information (APP000085, l. 7-19). (17) That Mickey Moza doesn't recall

what was communicated or when he was notified of his termination (APP000088, l. 3-13) (18) That Plaintiff had no idea why he was being terminated in that he was never allowed to see the corrective action form, until after the lawsuit was filed (APP000091, l. 14) (19) that the Texas Workforce Commission  stated that "our investigation found your employer fired you for a reason that was no misconduct connected with th work.  (APP000092, l. 4-5)   (20) That Defendant received a letter dated July 18, 2022 requesting certain records from the file of Plaintiff on July 22, 2022 at 11:36 a.m. (APP000093-APP000098, l. 3).  (21) That certain records were requested but had been discarded despite earlier requests for said records. (APP000099-APP000110, l. 7-10).

## VI.

## MUST CONSIDER

The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).    The evidence presented reflects that Plaintiff had little or no discretion. An exempt employee must have primarily managerial or supervisory duties. 29 C.F.R. §§ 541.103-541.117.    Plaintiff  would simply do what he was told on a daily basis, from what time to be at work, to making sure employees had on the correct uniform, to making sure they drank plenty of water, to fill  out forms at the end of each and every shift. (App 000001-000036, App000026, l. 45, App000028, L. 45, App000031, L. 45, App000034, L. 45, App000035, L. 45)/

It is not disputed that the primary  duties of Plaintiff did not consist of office tasks and/or non-manual work.  (App 000120, No. 5, L. 10, App 000121, No. 13, L. 5-12)).    Under the Department of Labor regulations, "primary duty" means the principal, main, major, or most

important duty that the employee performs. 29 C.F.R. § 541.700.   Work directly related to management or general business operations includes work in functional areas such as finance, accounting, budgeting, purchasing, procurement, internet and database administration, and similar activities. 29 C.F.R. § 541.201(b).

There is no evidence that Plaintiff did any of the above.   Plaintiff's main duties were moving tires.

VII

**DISCRETION**

An exempt employee must be able to exercise  discretion and independent judgment regarding "matters of significance[,]" which "refers to the level of importance or consequence of the work performed."  § 541.202(a).

 § 541.202(b) provides the following:

The phrase "discretion and independent judgment" must be applied in the light of all the facts involved in the particular employment situation in which the question arises. Factors to consider when determining whether an employee exercises discretion and independent judgment with respect to matters of significance include, but are not limited to: whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments in conducting the operations of the business; whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; whether the employee has authority to commit the employer in matters that have significant financial impact; whether the employee has authority to waive or deviate from established policies and procedures without prior approval; whether the employee has authority to negotiate and bind the company on significant matters; whether the employee provides consultation or expert advice to management; whether the employee is involved in planning long- or short-term business objectives; whether the employee investigates and resolves matters of significance on behalf of management; and whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.

As set forth above Plaintiff had no discretion and/or independent judgment.

VIII.

## JUDICIAL NOTICE

Plaintiff has requested this honorable court to take judicial notice regarding the finding of the Texas Workforce Commission "our investigation found your employer fired you for a reason that was no misconduct connected with th work". (APP000092, L. 4,5))   Judicial  notice may be taken at any stage of the proceeding." *Colonial Leasing of New England, Inc. v. Logistics Control Int'l*, 770 F.2d 479 (5th Cir. 1985) (quoting Fed. R. Evid. 201(d)). We "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).    *Wigmore*, in his treatise on evidence (Third Edition) § 2566, states that judicial notice means "acceptance of a matter as proved without requiring the party to offer evidence of it."

IX.

## DAMAGES

APP000115, L. 10, No. 48 by Jason Walters states worked about 20 hours a week that he was not paid for.   Plaintiff was paid at a rate of $29.08 per hour.    A plaintiff must file FLSA claims within two years after the cause of action accrues. 29 U.S.C. § 255(a).   A  three-year statute of limitations applies under the FLSA when the conduct of the employer is willful. . "An employer willfully violates the FLSA if it `either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.'" *Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 552 (5th Cir. 2009) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).    APP 00017, attached hereto shows Plaintiff being paid $29.08 per hour.

Time and half for $29.08 is $43.62.   20 x 43.72 = $872.40 per week.

52 Week x. $872.40= $45,364.08

104 weeks x. $872.40- $90,729.60

156 weeks x. $872.40 = $136,094.40

To show reckless disregard of the FLSA, an employee must show that the employer had some reason to know that its conduct violated the FLSA beyond mere ignorance of the law." *Pye v. Oil States Energy Servs., LLC*, 233 F. Supp. 3d 541, 564 (W.D. Tex. 2017)    Based on APP000135, previously produced, defendant had 20 employees that were employed in same position as Plaintiff.    That would mean these other employees worked on the floor with the tires and forklifts the same as Plaintiff.    That would also mean that Eartis Shaw set their scheduled, and their duties consisted of in part, drink plenty of water, (APP000026, L. 24).   These other employees were requested in APP 00003, No. 1, but were never supplemented.    In addition No. 14, requested "State all conversations that Defendant had with current and/or former employees regarding wages that were not paid correctly.   Defendant's response says nothing about other employees.   The acts of the defendant certainly show reckless disregard.

X.

**STATEMENT**

On page 3 of 11, last paragraph, defendant states in part "Plaintiff does not deny............" Plaintiff has stated in declaration what he actually did at the location where he was employed, basically on day to day basis.  Also are attached are documents that reflect what he did on a day basis.  Disputes concerning material facts are "genuine" if, based on the evidence, "a reasonable jury could return a verdict for the nonmoving party." *Douglass v. United Servs. Auto. Ass'n*, 79

F.3d 1415, 1429 (5th Cir. 1996) (en banc) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248; *Burgos v. Sw. Bell Telephone Co.*, 20 F.3d 633, 635 (5th Cir. 1994)   The declaration of Mr. Walters says it is within personal knowledge, and true and correct.   The Fifth Circuit has explained that the declarant does not need to lay extensive foundation or make any particular statement to establish personal knowledge. *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005) .

XI

**AGE DISCRIMINATION**

In regards to the age discrimination defendant state in part "Plaintiff relies on a spreadsheet, which Plaintiff did not create, and that is in no way authenticated through deposition or otherwise."   A closer look at APP000135 reveals that it was produced by the defendant not the Plaintiff in that it bears a bate stamped number of EXEL 00246.    Plaintiff states that document bated stamped EXEL-00246  APP000135  shows that John Ifegwu Oloh replaced me on March 16, 2022, which is also reflected in bated stamped EXEL-00246, APP000135 (App000114, No. 32, L. 7-8).   Plaintiff states (No. 33, l. 9-10)). John lfegwu Oloh has an adjusted service date of March 16, 2022, being the same day as my termination. .  (App000114,) Plaintiff states that the date of birth of John Ifegwu is October 10, 1998.  (App000114, No. 34L. 11).   Plaintiff states his date of birth is December 22, 1972.   .  (App000114, N0. 35,  L. 12). All of the above are  admitted without objection.

It is possible for a party to demonstrate the existence of a genuine issue of material fact through reliance on a single declaration. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th

Cir.1994).

To establish a prima facie case of age discrimination, a plaintiff must show that "(1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside of the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age." Id.  Plaintiff  has shown all of the above.

Pursuant to APP000135, Plaintiff was age 50 when he was terminated.  Lost wages for plaintiff for five (5) years is $226,820.40.

XII.

**COBRA NOTICE**

Plaintiff objects to the declaration of Andrew Etter in that it does not state the actual Cobra notice was mailed to Mr. Walters.   This court has typically required evidence that a letter was actually mailed to meet the good faith standard.  (finding good faith when the defendant mailed a COBRA notice via certified mail, "a special type of first class mail whose primary purpose is to provide evidence of an individual's receipt of delivery"); cf. *Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 421 (5th Cir. 2007) (genuine dispute of material fact remained on issue of mailing, despite testimony that the defendant business typically used first-class mailing procedures).  *Hager v. DBG Partners, Inc.* 903 F. 3d 460, 468 (5th Cir. 2018).   Mr. Etter does not say the letter was actually mailed, nor does he say that he placed the COBRA letter in the "outgoing mail."  Nor does  Mr. Gillis state that.

XIII.

**CONCLUSION**

The  facts to be decided by the trier of fact to whether was or was not an exempt employee under the Fair Labor Standards Act, whether Plaintiff was terminated because of his age, and whether the required COBRA requirements were completed by the Defendant.

WHEREFORE PREMISES CONSIDERED, Plaintiff Jason Walters prays that, the Court deny Defendants' Motion for Summary Judgment in its entirety, and that Plaintiff have such other and further relief to which he may show himself justly entitled, whether at law or in equity

Respectfully submitted

_/S/_____
Bob Whitehurst
State Bar No. 21358100
Bob Whitehurst
5380 Old Bullard Road
Suite 600, #363
Tyler, Texas 75703
(903)593-5588
(214)853-9382

CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing instrument was served upon the attorney's of record in accordance with the applicable Rules of Civil Procedure on this 25th day of March, 2024

*Bob Whitehurst*

Bob Whitehurst

Annie Lau
Texas Bar No. 24057723
FISHER & PHILLIPS LLP
500 N. Akard Street, Suite 3550
Dallas, Texas 75201
Telephone: (214) 220-9100
Facsimile: (214) 220-9122
*alau@fisherphillips.com*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

**JASON WALTERS**
**Plaintiff**

**vs.**                                    **CIVIL ACTION 3:22-cv-01840-C**
                                           **JURY REQUESTED**

**EXEL, INC. D/B/A**
**DHL SUPPLY CHAIN**
**Defendant**

**APPENDIX  IN SUPPORT OF PLAINTIFF'S REPLY  IN OPPOSITION TO**
**DEFENDANT'S REPLY** IN SUPPORT OF ITS MOTON FOR SUMMARY JUDGMENT

                                                       APP

Answers to Interrogatories by the Defendant dated December 23, 2022    00001-00016

Earnings Statement of Jason Walters dated 02/25/2022                   00017

*Respectfully submitted*

_/S/_____
Bob Whitehurst
State Bar No. 21358100
Bob Whitehurst
5380 Old Bullard Road, Suite 600,  #363
Tyler, Texas 75703
(903)593-5588
whitehurstlawfirm@yahoo.com
Attorney for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above and foregoing instrument has been served on all counsel of record in accordance with the Rule of Civil Procedure on this 25th day of March, 2024.

____/S/_____

Bob Whitehurst

Annie Lau
Texas Bar No. 24057723
FISHER & PHILLIPS LLP
500 N. Akard Street, Suite 3550
Dallas, Texas 75201
Telephone: (214) 220-9100
Facsimile: (214) 220-9122
*alau@fisherphillips.com*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JASON WALTERS,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:22-cv-01840-C** |
| | § | |
| **EXEL, INC. d/b/a DHL SUPPLY CHAIN,** | § | |
| | § | |
| *Defendant*. | § | |

**DEFENDANT'S OBJECTIONS AND ANSWERS**
**TO DEFENDANT'S FIRST INTERROGATORIES**

TO:   Plaintiff, Jason Walters, by and through his counsel of record, Bob Whitehurst, 52380 Old Bullard Road, Suite 600, #363, Tyler, Texas 75703.

Pursuant to FED. R. CIV. P. 33, Defendant Exel Inc. d/b/a DHL Supply Chain ("**Defendant**") provides the following Objections and Answers to the First Interrogatories ("**Interrogatories**") propounded by Plaintiff Jason Walters ("**Plaintiff**"):

**OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**

1.      Defendant objects to the instructions and/or definitions contained in Plaintiff's First Interrogatories to the extent they seek to impose greater or other obligations upon Defendants than those set forth in the Texas Rules of Civil Procedure and the Local Rules of this Court.

2.      Defendant objects to Plaintiff's definition of the term "identify" with respect to a person to the extent it requests an individual's personal address and telephone number on the grounds that such request violates the privacy rights of persons who are not named parties in this Litigation, and to the extent that the use of such information would violate Rule 4.02 of the Texas Disciplinary Rules of Professional Conduct.  Defendant further objects to such definition on the grounds its request for "an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place or examination…

including], without limitation, his or her… race…" seeks information which has no tendency to make any material fact more or less probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401.

3.      Defendant objects to Plaintiff's definition of the term "identify" with respect to an organization, corporation, or business entity on the grounds its request to provide "a description of its business or organizational purpose" is vague and ambiguous.

4.      Defendant objects to Plaintiff's definition of the phrase "relate to" as vague, ambiguous, and overly broad.

5.      Defendant objects to Plaintiff's definition of the phrase "Causes of Action in Question" as vague and ambiguous.

6.      Defendant objects to Plaintiff's incorporated definition of the phrase "personnel file" as vague, ambiguous, overly broad, and to the extent it seeks information which has no tendency to make any material fact more or less probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401.

7.      Defendant does not warrant or guarantee that its understanding or use of terms in these responses accords with Plaintiff's understanding or use of the same terms in Plaintiff's First Interrogatories.

8.      Defendant responds to each Interrogatory as it understands and interprets the Interrogatory. If Plaintiff asserts an interpretation of any specific Interrogatory that differs from that of Defendant, Defendant reserves its right to supplement its objections and/or responses as may be needed or appropriate.

**D**EFENDANT'S **O**BJECTIONS AND **A**NSWERS TO **D**EFENDANT'S **F**IRST **I**NTERROGATORIES            **Page 2 of 16**
FP 45717914.2

APP 00002

## <u>ANSWERS AND OBJECTIONS TO FIRST INTERROGATORIES</u>

**INTERROGATORY NO. 1:**        State the names, last known address and phone number of the employees that were employed in same position as Plaintiff from January 1, 2020 to present.

> **ANSWER NO. 1:**    Defendant objects to this Interrogatory on the grounds it is overly broad, infringes upon the privacy rights of third-party individuals, and seeks information which has no tendency to make any material fact more or less probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401. Specifically, Plaintiff's Amended Complaint confirms in no uncertain terms that he "is not making any claims on a representative basis, only for himself."  Plaintiff is also not claiming that he was subjected to disparate treatment or discriminated against in any way. As such, the identities of Plaintiff's coworkers are irrelevant to the claims and defenses at issue, *e.g.,* whether Defendant properly paid Plaintiff under the FLSA for all time worked and whether Defendant timely provided or caused to be provided to Plaintiff the notices required under COBRA following his separation from employment.

**INTERROGATORY NO. 2:**        State the names and addresses of all employees of Defendant that were terminated and/or disciplined for the same reason and/or reason as plaintiff.

> **ANSWER NO. 2:**    Defendant objects to this Interrogatory on the grounds its reference to "disciplined for the same reason and/or reason as plaintiff" is vague and ambiguous. Defendant further objects to this Interrogatory on the grounds it is overly broad, infringes upon the privacy rights of third-party individuals, and seeks information which has no tendency to make any material fact more or less probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401.  Specifically, Plaintiff's Amended Complaint confirms in no uncertain terms that he "is not making any claims on a representative basis, only for himself."  Plaintiff is also not claiming that he was subjected

to disparate treatment or discriminated against in any way, nor has he asserted any claim for unlawful retaliation or wrongful termination.  As such, the identities of Plaintiff's coworkers are irrelevant to the claims and defenses at issue, *e.g.,* whether Defendant properly paid Plaintiff under the FLSA for all time worked and whether Defendant timely provided or caused to be provided to Plaintiff the notices required under COBRA following his separation from employment.

**INTERROGATORY NO. 3:**     State the name of the person and/or persons that replaced Plaintiff after Plaintiff's termination with Defendant.

     **ANSWER NO. 3:**     Defendant objects to this Interrogatory on the grounds it is overly broad and seeks information which has no tendency to make any material fact more or less probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401.  Specifically, Plaintiff's Amended Complaint does not assert that Plaintiff was subjected to disparate treatment or discriminated against in any way, nor does it assert any claim for unlawful retaliation or wrongful termination.  As such, the name of Plaintiff's replacement (to the extent there is one) is irrelevant to the claims and defenses at issue, *e.g.,* whether Defendant properly paid Plaintiff under the FLSA for all time worked and whether Defendant timely provided or caused to be provided to Plaintiff the notices required under COBRA following his separation from employment.

**INTERROGATORY NO. 4:**     Describe all incidents wherein Plaintiff received warnings, reprimands and discipline, written or oral, due to his work performance or conduct and including any written evaluations, warnings and reprimands relating to his performance at any time from his initial employment until the present.

     **ANSWER NO. 4:**     Defendant objects to this Interrogatory on the grounds it is overly broad and seeks information which has no tendency to make any material fact more or less

probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401. Specifically, Plaintiff's Amended Complaint does not assert that Plaintiff was subjected to disparate treatment or discriminated against in any way, nor does it assert any claim for unlawful retaliation or wrongful termination. As such, Plaintiff's disciplinary history is irrelevant to the claims and defenses at issue, *e.g.,* whether Defendant properly paid Plaintiff under the FLSA for all time worked and whether Defendant timely provided or caused to be provided to Plaintiff the notices required under COBRA following his separation from employment.

**INTERROGATORY NO. 5:**       State the reason(s) Plaintiff was terminated from his employment with the defendant.

   **ANSWER NO. 5:**   Defendant objects to this Interrogatory on the grounds it is overly broad and seeks information which has no tendency to make any material fact more or less probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401. Specifically, Plaintiff's Amended Complaint does not assert that Plaintiff was subjected to disparate treatment or discriminated against in any way, nor does it assert any claim for unlawful retaliation or wrongful termination. As such, the circumstances surrounding Plaintiff's separation from employment with Defendant is irrelevant to the claims and defenses at issue, *e.g.,* whether Defendant properly paid Plaintiff under the FLSA for all time worked and whether Defendant timely provided or caused to be provided to Plaintiff the notices required under COBRA following his separation from employment.

**INTERROGATORY NO. 6:**       State the names of the supervisors of Plaintiff.

   **ANSWER NO. 6:**   Defendant objects to this Interrogatory on the grounds it is overly

broad, not limited in relevant temporal scope, and seeks information which has no tendency to make any material fact more or less probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401.  Specifically, Plaintiff's Amended Complaint does not assert that Plaintiff was subjected to disparate treatment or discriminated against in any way, nor does it assert any claim for unlawful retaliation or wrongful termination.  As such, the names of every individual who ever supervised Plaintiff during the entire term of his employment with Defendant are irrelevant to the claims and defenses at issue, *e.g.,* whether Defendant properly paid Plaintiff under the FLSA for all time worked and whether Defendant timely provided or caused to be provided to Plaintiff the notices required under COBRA following his separation from employment.

**INTERROGATORY NO. 7:**          State the job duties of Plaintiff during his employment with the defendant.

**ANSWER NO. 7:**     In accordance with Fed. R. Civ. P. 34(d), Defendant directs Plaintiff to the Role Profile for the Operations Supervisor role being produced concurrently herewith.

**INTERROGATORY NO. 8:**          State the names of the employees hired by Plaintiff during his employment with the defendant.

**ANSWER NO. 8:**     Defendant objects to this Interrogatory on the grounds its reference to "hired by Plaintiff" is vague and ambiguous.  Defendant further objects to this Interrogatory on the grounds it is overly broad and seeks information which has no tendency to make any material fact more or less probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401.  Specifically, Plaintiff's Amended Complaint confirms in no uncertain terms that he "is not making any claims on a representative basis,

only for himself."  Plaintiff is also not claiming that he was subjected to disparate treatment or discriminated against in any way.  As such, the names of the individuals for whom Plaintiff served as a decision-maker in their hiring by Defendant are irrelevant to the claims and defenses at issue, *e.g.,* whether Defendant properly paid Plaintiff under the FLSA for all time worked and whether Defendant timely provided or caused to be provided to Plaintiff the notices required under COBRA following his separation from employment.

To the extent this Interrogatory requests Defendant state the number of individuals for whom Plaintiff participated in Defendant's selection, interview, or hiring decision between August 19, 2019 (*i.e.,* three years prior to the institution of this suit) and March 16, 2022 (*i.e.*, Plaintiff's last day of employment with Defendant), Defendant states the precise number of individuals is unknown but that Plaintiff did participate in Defendant's decision-making process with respect to the selection, interview, and hiring of Defendant's employees during such time.

**INTERROGATORY NO. 9:**       State the names of the employees that Plaintiff terminated during his employment with the defendant.

**ANSWER NO. 9:**     Defendant objects to this Interrogatory on the grounds its reference to "hired by Plaintiff" is vague and ambiguous.  Defendant further objects to this Interrogatory on the grounds it is overly broad and seeks information which has no tendency to make any material fact more or less probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401.  Specifically, Plaintiff's Amended Complaint confirms in no uncertain terms that he "is not making any claims on a representative basis, only for himself."  Plaintiff is also not claiming that he was subjected to disparate treatment or discriminated against in any way.  As such, the names of the individuals for whom

Plaintiff served as a decision-maker in their hiring by Defendant are irrelevant to the claims and defenses at issue, *e.g.,* whether Defendant properly paid Plaintiff under the FLSA for all time worked and whether Defendant timely provided or caused to be provided to Plaintiff the notices required under COBRA following his separation from employment.

To the extent this Interrogatory requests Defendant state the number of individuals for whom Plaintiff participated in Defendant's decision to terminate such person's employment between August 19, 2019 (*i.e.,* three years prior to the institution of this suit) and March 16, 2022 (*i.e.*, Plaintiff's last day of employment with Defendant), Defendant states the precise number of individuals is unknown but that Plaintiff did participate in Defendant's decision-making process with respect to the termination of Defendant's employees during such time.

**INTERROGATORY NO. 10:**          Describe in detail the job duties of Plaintiff.

**ANSWER NO. 10:**   Defendant objects to this Interrogatory as duplicative of Interrogatory No. 7 and directs Plaintiff to Defendant's response thereto.

**INTERROGATORY NO. 11:**          State the names and last known addresses and phone numbers of the employees that Plaintiff supervised during his employment with defendant.

**ANSWER NO. 11:**   Defendant objects to this Interrogatory on the grounds it is overly broad, not limited in relevant temporal scope, infringes upon the privacy rights of third-party individuals, and seeks information which has no tendency to make any material fact more or less probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401.  Specifically, the identities of Plaintiff's subordinates are irrelevant to the claims and defenses at issue, *e.g.,* whether Defendant properly paid Plaintiff under

the FLSA for all time worked and whether Defendant timely provided or caused to be provided to Plaintiff the notices required under COBRA following his separation from employment.

To the extent this Interrogatory seeks information regarding the number of employees supervised by Plaintiff between August 19, 2019 (*i.e.,* three years prior to the institution of this suit) and March 16, 2022 (*i.e.*, Plaintiff's last day of employment with Defendant), Defendant states Plaintiff supervised approximately 20 to 30 FLOs, 1 Tasker, 2 Lead, and 4 to 7 Laborers per shift.

**INTERROGATORY NO. 12:**     Please identify all persons who have knowledge of any relevant facts, documents, or tangible things relating in any way to the claims, defenses, or allegations in this lawsuit.  You are asked to disclose any such person, even if the person does not have personal knowledge.

**ANSWER NO. 12:**   Defendant objects to this Interrogatory on the grounds its request Defendant identify "persons who have knowledge of any relevant facts, documents, or tangible things relating in any way to … this lawsuit… even if the person does not have personal knowledge" is vague, ambiguous, overly broad, and seeks information which has no tendency to make any material fact more or less probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401.

In accordance with the requirements of Fed. Civ. P. 26(a)(1)(A)(i)—which makes discoverable "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment," Defendant states as follows:

    a.   Plaintiff Jason Walters

Plaintiff is presumed to have knowledge regarding his claims in this suit.

b. John Dobbins
c/o Fisher & Phillips

Mr. Dobbins is a Senior Director for Defendant and, while Plaintiff was employed by Defendant, served as General Manager supervising Plaintiff. Mr. Dobbins may have information regarding the job duties attendant to Plaintiff's Operations Supervisor role and hours worked during the period he supervised Plaintiff.

c. Adam Elliott
c/o Fisher & Phillips

Mr. Elliott is a General Manager for Defendant and supervised Plaintiff while he was employed by Defendant, and may have information regarding the job duties attendant to Plaintiff's Operations Supervisor role and hours worked during the period he supervised Plaintiff.

d. Andrew Miranda
c/o Fisher & Phillips

Mr. Miranda is an Operations Supervisor for Defendant and worked alongside Plaintiff while he was employed by Defendant, and may have information regarding the job duties attendant to Plaintiff's Operations Supervisor role and hours worked during the relevant period (*i.e.,* from 2019 through his date of separation).

e. Sheila Frazier
c/o Fisher & Phillips

Ms. Shaw is an Operations Supervisor for Defendant and worked alongside Plaintiff while he was employed by Defendant, and may have information regarding the job duties attendant to Plaintiff's Operations Supervisor role and hours worked during the relevant period (*i.e.,* from 2019 through his date of separation).

f. Eartis Shaw
c/o Fisher & Phillips

Mr. Shaw is an Operations Manager for Defendant and was Plaintiff's most recent supervisor while employed by Defendant and may have information regarding Plaintiff's job duties and hours worked during the relevant period (*i.e.,* from 2019 through his date of separation).

g. Corporate Representative(s) of Defendant
c/o Fisher & Phillips

Defendant's to-be-identified corporate representative(s) may have information regarding Defendant's relevant policies and procedures regarding classification of employees as exempt or non-exempt, overtime, recording hours worked, pay statements, and reporting concerns regarding pay.

h. Corporate Representative(s) of Businesssolver, Inc.
1025 Ashworth Rd.
West Des Moines, IA 50265

The to-be-identified corporate representative(s) of Businesssolver, Inc. may have information regarding the COBRA notice provided to Plaintiff in connection with his separation from employment with Defendant.

**INTERROGATORY NO. 13:**    For every person you have identified in answer to the preceding interrogatory, state the basis for, and substance of, the relevant knowledge you believe the person has or may have.

**ANSWER NO. 13:**   Defendant objects to this Interrogatory on the grounds its instruction to "state the basis for… the relevant knowledge you believe the person has or may have" is vague and ambiguous.   Defendant further incorporates Defendant's response to Interrogatory No. 12 as though fully set forth herein.

**INTERROGATORY NO. 14:**    State all conversations that Defendant had with current and/or former employees regarding wages that were not paid correctly.

**ANSWER NO. 14:**   Defendant objects to this Interrogatory to the extent it seeks information protected by the attorney-client and/or attorney work product privileges. Defendant further objects to this Interrogatory on the grounds it is overly broad, not limited in relevant temporal scope, infringes upon the privacy rights of third-party individuals, and seeks information which has no tendency to make any material fact more or less probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401.  Specifically, Plaintiff's Amended Complaint confirms in no uncertain terms that he

"is not making any claims on a representative basis, only for himself."  As such, any conversations Defendant had with Plaintiff's coworkers regarding any claim or concern by such individual that he or she had not been paid correctly are irrelevant to the claims and defenses at issue, *e.g.,* whether Defendant properly paid Plaintiff under the FLSA for all time worked and whether Defendant timely provided or caused to be provided to Plaintiff the notices required under COBRA following his separation from employment.  Defendant further objects to this Interrogatory on the grounds that it is unduly burdensome in that responding thereto would require Defendant to interview every one of its employees and review every communication in its possession, custody, or control to determine whether or not two or more of Defendant's employees had ever communicated with one another regarding wages and identify and produce each such communication that could be construed as "regarding wages that were not paid correctly."

To the extent this Interrogatory seeks a description of each conversation Brandy Boylan or Mickey Moza, former Human Resources Representatives responsible for the Goodyear-Forney site,  or Plaintiff's then-supervisor(s), had with Plaintiff between August 19, 2019 (*i.e.,* three years prior to the institution of this suit) and March 16, 2022 (*i.e.,* Plaintiff's last day of employment with Defendant) wherein Plaintiff reported any concern that he had not been properly paid all wages earned, Defendant states no such communications have been identified.

**INTERROGATORY NO. 15:**     Describe all benefits, at the facilities where Plaintiff was employed by Defendant, that were paid to employees from January 1, 2020  to present.

**ANSWER NO. 15:**   Defendant objects to this Interrogatory on the grounds its instruction to "[d]escribe all benefits" and its reference to "benefits, at the facilities where Plaintiff was

employed by Defendant, that were paid to employees" are vague and ambiguous. Defendant further objects to this Interrogatory on the grounds it is overly broad, not limited in relevant temporal scope, and seeks information which has no tendency to make any material fact more or less probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401. Specifically, the employment benefits Defendant made available to, but that were not elected by, Plaintiff as of the date of his separation from employment are irrelevant to the claims and defenses at issue, *e.g.,* whether Defendant properly paid Plaintiff under the FLSA for all time worked and whether Defendant timely provided or caused to be provided to Plaintiff the notices required under COBRA following his separation from employment.

To the extent this Interrogatory requests Defendant identify the employment benefits provided by Defendant and elected by Plaintiff as of his separation date from employment with Defendant, Defendant identifies: Medical, Dental, and Vision Insurance; Dependent Life Insurance; and Group Term Life Insurance.

**INTERROGATORY NO. 16:**   State the hours that Plaintiff was required to work at his employment with Defendant from January 1, 2020 to the date of his termination by the defendant.

**ANSWER NO. 16:**   Defendant states that, between January 1, 2020 and January 2021, Plaintiff was generally assigned to work 12-hours shifts, four days per week. During calendar year 2020, Plaintiff was asked to cover up to two additional 12-hour shifts per month. For any week in which Plaintiff worked an extra shift during this period, he was provided a 12-hour "comp day"—meaning he could take an entire shift off with full pay. Therefore, in any week in which Plaintiff used a "comp day" he would only have worked 36 hours, rather than his normally scheduled 48 hours, but would have received his full

salary.  There were also occasions in 2020 wherein Plaintiff used two or three comp days in the same week.

From January 2021 through the date of his separation, Plaintiff was generally assigned to work 12-hours shifts, three days per week.  During this period, Plaintiff was asked to cover up to one additional 12-hour shift per month.

**INTERROGATORY NO. 17:**        State the name of the General Manager at the facility where Plaintiff was employed during Plaintiff's employment with the Defendant.

**ANSWER NO. 17:**   Defendant objects to this Interrogatory on the grounds it is overly broad, not limited in relevant temporal scope, and seeks information which has no tendency to make any material fact more or less probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401.  Specifically, Plaintiff's Amended Complaint does not assert that Plaintiff was subjected to disparate treatment or discriminated against in any way, nor does it assert any claim for unlawful retaliation or wrongful termination.  As such, the names of every individual who ever served as a General Manager at the Goodyear-Forney site during the entire term of Plaintiff's employment with Defendant are irrelevant to the claims and defenses at issue, *e.g.,* whether Defendant properly paid Plaintiff under the FLSA for all time worked and whether Defendant timely provided or caused to be provided to Plaintiff the notices required under COBRA following his separation from employment.

**INTERROGATORY NO. 18:**        State the name of the Operation Manager at the facility where Plaintiff was employed during Plaintiff's employment with the Defendant.

**ANSWER NO. 18:**   Defendant objects to this Interrogatory on the grounds it is overly

broad, not limited in relevant temporal scope, and seeks information which has no tendency to make any material fact more or less probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401.  Specifically, Plaintiff's Amended Complaint does not assert that Plaintiff was subjected to disparate treatment or discriminated against in any way, nor does it assert any claim for unlawful retaliation or wrongful termination.  As such, the names of every individual who ever served as an Operations Manager for Defendant during the entire term of Plaintiff's employment with Defendant are irrelevant to the claims and defenses at issue, *e.g.,* whether Defendant properly paid Plaintiff under the FLSA for all time worked and whether Defendant timely provided or caused to be provided to Plaintiff the notices required under COBRA following his separation from employment.

Respectfully Submitted,

*/s/ Theanna Bezney*
Arthur V. Lambert
Texas Bar No. 11841250
Theanna Bezney
Texas Bar No. 24089243
FISHER & PHILLIPS LLP
500 N. Akard Street, Suite 3550
Dallas, TX 75201
Telephone: (214) 220-9100
Facsimile: (214) 220-9122
*alambert@fisherphillips.com*
*tbezney@fisherphillips.com*

**COUNSEL FOR DEFENDANT EXEL INC. d/b/a DHL SUPPLY CHAIN**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 23rd day of December, 2022, a true and correct copy of the foregoing was served by email upon all counsel of record, as follows:

Bob Whitehurst
5380 Old Bullard Road, Suite 600., #363
Tyler, Texas 75703


*/s/ Theanna Bezney*
Theanna Bezney



| CO. | FILE | DIV | DEPT. | VCHR. NO |
|-----|------|-----|-------|----------|
| 7LU | 109311 | 3617 | 003060 | 0000082581 |
| | | HRIS | 003449 | |

# Earnings Statement

**ADP**

EXEL, INC.
DBA DHL SUPPLY CHAIN
360 WESTAR BVLD.
WESTERVILLE, OH 43082

| | |
|---|---|
| Period Beginning: | 02/14/2022 |
| Period Ending: | 02/27/2022 |
| Pay Date: | 02/25/2022 |

Taxable Marital Status:    Married
Exemptions/Allowances:
  Federal:       0,$25 Additional  Tax
  TX:               No State Income  Tax

**JASON  R  WALTERS**
**142  COUNTY  ROAD  2437**
**MINEOLA  TX  75773**

| Earnings | rate | units | this  period | year  to  date |
|----------|------|-------|-------------|---------------|
| Regular | 29.08 | 80.00 | 2,326.92 | 9,307.68 |
| **Gross Pay** | | | **$2,326.92** | 9,307.68 |

| Deductions | Statutory | this period | year to date |
|------------|-----------|-------------|--------------|
| | Federal Income Tax | -191.12 | 764.48 |
| | Social Security Tax | -135.12 | 540.50 |
| | Medicare Tax | -31.60 | 126.41 |
| | **Other** | | |
| | Dependent Life | -1.89 | 7.56 |
| | Pretax Dental | -17.10* | 68.40 |
| | Pretax Medical | -113.22* | 452.88 |
| | Pretax Vision | -17.68* | 70.72 |
| | 401K Sav Pretax | -162.88* | 651.52 |
| | **Net Pay** | **$1,656.31** | |
| | Checking | -1,656.31 | |
| | **Net Check** | **$0.00** | |

**\* Excluded from federal taxable wages**

Your federal taxable wages this period are
$2,016.04

| Other  Benefits  and Information | this  period | total  to  date |
|----------------------------------|--------------|-----------------|
| Group  Term  Life | 0.53 | 2.12 |
| Totl  Hrs  Worked | 80.00 | |

**Important  Notes**
YOUR  COMPANY  PHONE  NUMBER  IS 866-504-6943

VERIFY  YOUR  ADDRESS  ON YOUR  EARNINGS  STATEMENT
CONTACT  YOUR  HR MANAGER  ASAP  IF  A CHANGE  IS
NEEDED
For customer  service  assistance,  contact  askPAYROLL  via
Email  at askPAYROLL@dhl.com    or telephone  1-866-504-6943

For easy  access  to your pay information,  logon  to MyADP at
**https://My.ADP.com**

| Kronos  PTO | YTD  Taken | Balance |
|-------------|-----------|---------|
| General  Purpose | 0.00 | 0.00 |
| Personal | 0.00 | 0.00 |
| Sick | 0.00 | 0.00 |
| Vacation | 0.00 | 0.00 |

**Employee Info**

| | |
|---|---|
| Vantage ID | 18026700 |

© 2000  A.D.P., LLC

DHL  SUPPLY  CHAIN
360 WESTAR BLVD.
WESTERVILLE , OH   43082

| | |
|---|---|
| **Advice number:** | **00000082581** |
| Pay date: | 02/25/2022 |



| Deposited  to the account  of | account  number | transit  ABA | amount |
|-------------------------------|-----------------|--------------|--------|
| JASON  R WALTERS | xxxx7285 | xxxx  xxxx | $1,656.31 |

# NON-NEGOTIABLE

APP 00017