EXHIBIT "A"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

\

**JASON WALTERS**
**Plaintiff**

**vs.**                                                    **CIVIL ACTION 3:22-cv-01840-C**
                                                           **JURY REQUESTED**

**EXEL, INC. D/B/A**
**DHL SUPPLY CHAIN**
**Defendant**

### PLAINTIFF'S SUR-REPLY BRIEF TO DEFENDANT'S BRIEF IN REPLY IN
### OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Jason Walters files this Sur-reply to Defendant's Reply to Plaintiff's Brief in

Reply in Opposition to Defendant's Motion for Summary Judgment dated April 8, 2024,  and

would show this Honorable Court as follows:

I.

### DOCUMENTS NOT SUPPLEMENTED

Attached hereto are (App 00001-App 00016)  are the responses to interrogatories by the

Defendant.    (See Exhibit "1")  These interrogatories were not amended and/or supplemented.

Federal Rule of Civil Procedure 26(e)(1) provides that "[a] party ... who has responded to an

interrogatory, [or] request for production ... must supplement or correct its ... response: (A) in a

timely manner if the party learns that in some material respect the ... response is incomplete or

incorrect, and if the additional or corrective information has not otherwise been made known to

the other parties during the discovery process or in writing; or (B) as ordered by the court." FED.

R. CIV. P. 26(e)(1)   Under Rule 26(e)(1), "[s]upplementation or correction must be done `in a

timely manner' upon learning that the [response or answer] is incomplete or incorrect." *Fuller v. CIG Fin., LLC*, No. 3:22-cv-1289-D, 2023 WL 8482889, at *2-*3 (N.D. Tex. Dec. 7, 2023) (cleaned up). "Generally, supplementation `should be made at appropriate intervals during the discovery period, and with special promptness as the trial date approaches.' Rule 26 advisory committee's note (1993)."    Courts "have cautioned that problems can arise when they allow supplementation too close to the date of trial." *Everett Fin., Inc. v. Primary Residential Mortg., Inc.*, No. 3:14-cv-1028-D, 2017 WL 784766, at *2 (N.D. Tex. Feb. 28, 2017).    Under  Rule 26(e)(1), "the rules governing discovery impose a duty to supplement disclosures and responses that continues beyond the discovery closing date," the responding or answering party must do so "in a timely manner after receiving" the information or materials requiring supplementation or correction. *Aikens v. Cent. Oregon Truck Co., Inc*., No. 4:20-CV-00567, 2021 WL 4312712, at *4 (E.D. Tex. Sept. 22, 2021).

    Federal Rule of Civil Procedure 37(c)(1), in turn, provides that, "[i]f a party fails to provide information ... as required by ... [Rule 26(e)(1)], the party is not allowed to use that information ... to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless," and that, "[i]n addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in [Federal Rule of Civil Procedure] 37(b)(2)(A)(i)-(vi)." FED. R. CIV. P. 37(c)(1); accord *Olivarez v. Geo Group, Inc*., 844 F.3d 200, 203 (5th Cir. 2016)

    The disclosing (or late disclosing) party bears the burden of proving the failure to timely

disclose was substantially justified or harmless." *Lopez v. Fun Eats & Drinks, LLC*, No. 3:18-cv-1091-X, 2021 WL 3502361,  (N.D. Tex. July 16, 2021), rep. & rec. adopted, 2021 WL 3493496 (N.D. Tex. Aug. 9, 2021).    Defendant has not shown that, and any evidence regarding who replaced Plaintiff by the Defendant should be stricken  and/or denied.

Defendant does not appear to disagree with the fact that Defendant failed to disclose (1) Antonio Juarez (D. App 185-212) (2) Bruce Gillis (D. App 213-225) and  (2) Andrew Etter (D. App 226-241) found in Defendant's Motion for Summary Judgment, prior to Defendant's Motion for Summary Judgment being filed.    The fact that these individuals were not disclosed would certainly support the fact that all the summary judgment evidence of the defendant should be denied.

## II.

Defendant objects to Plaintiff's App 135, on page 2 of 8.     A review of this document reveals that this document was produced by the Defendant in discovery, in that it contains a bate stamp number of 00246.    The document shows that on March 16, 2022 that Plaintiff was terminated.    This is supported by App 091 in Plaintiff's Response to Defendant's Motion for Summary Judgment,  which is the termination of Plaintiff by Eartis Shaw on said date.    The document also shows that on March 16, 2022, John Ifegwu Oloh, age 24, had an adjusted service date of March 16, 2022.   The supervisor again being Eartis Shaw.    Defendant states on page 2 of 8 in part "Plaintiff ignores the plethora of evidence cited by Defendant that Plaintiff was not replaced by a 24 year old employee"   Then refers to Defendant's App 73, App 74, App 126, App 015, and App 016.   A review of these documents reveals the names being blocked out and no indication as to whom they are referring.   App 186 II 8-9, refers to a employee number 051671,

that is only found in APP 135 in response to Defendant's Motion for Summary Judgment.

III.

In addition the deposition of Plaintiff  APP 021, L. 6-11, (found in Defendant's Motion

for Summary Judgment states)

Q. We were asking -- I was asking why you thought

7 your age had anything to do with termination at the

8 company.

9 A. Well, they didn't bring -- they didn't bring in

10 seasoned supervisors. They brought in a brand-new

11 college recruit to take my place.

In addition the deposition of Plaintiff  APP 022 L. 9-15, (found in Defendant's Motion

for Summary Judgment states)

Q. (BY MR. LAMBERT) Okay. We are still on

10 Exhibit Number 4. About how many times would Mr. Shaw

11 call you Paw Paw? Daily?

12 A. Daily.

13 Q. About -- it says on this "Old Man." Did he

14 call you Old Man?

15 A. Old Man. Old Man. Paw Paw.

IV.

Defendant objects to App 119,  but not to the  best evidence which  is in fact (1)  the

video   (Def. Bate 00118)   that Defendant relies on shows  not only Plaintiff lightly touching Ms.

Hooper but the actual video with the bright colors the other employees were wearing.   The

video does show Mr. Walters working in the same area as the other workers, a guy with a bright

orange/yellow shirt on, a guy with a bright green shirt on, and  Mr. Walters explaining that Ms.

Hooper was not wearing the proper safety attire.  (No. 24, L. 11-17)  (APP000122).  In addition

the video show forklifts close by these individuals, and the environment was very loud.  (No. 16,

L. 15-16) (APP000112)    (2) the deposition testimony of John Dobbins that Plaintiff's job was to

monitor for attendance (APP000044, l. 16-19) (3) that John Dobbins had a discussion with Ms.

Hooper that she could be late (APP000045, l. 17-21) (4) that John Dobbins could not remember

telling Plaintiff despite the fact that he was her supervisor (APP00046, l. 10-25).   This failure to

inform raises a fact question in of itself for the trier of fact, as to whether  if  Plaintiff was in fact

a exempt employee or not (5) that both he and Eartis Shaw made the agreement with Ms. Hooper

(APP000047, l. 1-4), again if Plaintiff was indeed exempt why was he not informed (6) that

Adam Elliott testified that Eartis Shaw set the schedule (APP000050, l. 21-24) (7) that Adam

Elliott testified that the operations supervisors all work in the warehouse and possibly where the

trucks are (000051, l. 2-17). (8) that Eartis Shaw testified that Plaintiff's job was to correct

employees for not having the correct safety gear on (APP000054, l. 10-18) (9) that Ms. Hooper

testified that Plaintiff did what the general manager and everybody else told him to do

(APP000057, l. 1-9 ) (10) that Ms. Hooper testified that if she was wearing the wrong uniform it

would be the job of Plaintiff to correct her (APP000058, l. 7-13)  (11) that Ms. Hooper testified

that the job of Plaintiff was to make sure everybody was safe (APP000059, L. 2-7) (12) that Ms.

Williams testified that employees were to wear high visibility colors, and Plaintiff's job was to

tell employees if they were not wearing the correct colors,  and if he didn't he would not being

doing his job.  (APP000062, l. 2-23) (13) that Mickey Moza had a hard time remembering what happened (APP000076-APP000077, l.24-25, l. 1-14 (14) That Mickey Moza may have not been trained, he doesn't recall (APP000079, l. 8-19) (15) That Mickey Moza did not remember much of anything (APP000081-82, l. 7-25, l. 1-11) (16) That Mickey Moza does remember Plaintiff needing the COBRA information (APP000085, l. 7-19). (17) That Mickey Moza doesn't recall what was communicated or when he was notified of his termination (APP000088, l. 3-13) (18) That Plaintiff had no idea why he was being terminated in that he was never allowed to see the corrective action form, until after the lawsuit was filed (APP000091, l. 14) (19) that the Texas Workforce Commission  stated that "our investigation found your employer fired you for a reason that was no misconduct connected with th work.  (APP000092, l. 4-5)   (20) That Defendant received a letter dated July 18, 2022 requesting certain records from the file of Plaintiff on July 22, 2022 at 11:36 a.m. (APP000093-APP000098, l. 3).  (21) That certain records were requested but had been discarded despite earlier requests for said records. (APP000099-APP000110, l. 7-10).

## V.

On page 3 of 8, Defendant objects to APP 119, and the fact that there was someone that was one of the biggest racist I ever worked with, and would send an email to Mickey Moza.  The deposition testimony of Mickey Moza was that he didn't recall getting the email, APP070, L. 6-9. If that is the case would it be very likely that Mickey Moza did not recall a great many things. The credibility of Mr. Moza should certainly be questioned.   Citing *King v. Beto*, 291 F. Supp. 946, 948 (1968)  for the facts in this matter are hotly disputed, and "where an unresolved factual dispute exists, demeanor evidence is a significant factor in adjudging credibility. And questions

of credibility, of course, are basic to resolution of conflicts in testimony." *Townsend v. Sain*, 372 U.S. 293, 322, 83 S.Ct. 745, 762, 9 L.Ed.2d 770 (1963).

## VI.

On page 4 of 8, Defendant refers to the fact that Plaintiff improperly seeks to exclude all of Defendant's Summary Judgment evidence, and would refer this Honorable Court to No. I above.

## VII.

On page 5 of 8, Defendant states that Plaintiff was terminated for putting his hands on a subordinate and threatening her.   The facts show otherwise.   A review of the tape (Def. App 118) does not reflect any grabbing.   The testimony of Plaintiff indicates there was no grabbing (APP 035, APP 036), l. 23-25, l. 1-9. in Defendant's documents.     The deposition testimony of Plaintiff, APP 036, l. 8-9, "touch the cloth and say that you know that this is not proper PP&E". This is supported by the testimony of Ms. Hooper, APP058, (l. 7-13) , stating that if she  was wearing the wrong uniform it would have been the job of Plaintiff to correct her.     This is also supported by findings of the Texas Workforce Commission stating our investigation found your employer fired you for a reason that was not misconduct connected with the work.  APP 092, L. 3-4.

## VIII.

On page 6 of 8, Defendant claims that Plaintiff falls under the executive exemption and performed a long list of managerial duties.  The bona fide executive exemption applies to employees (1) paid at least $455[10] per week `on a salary basis' (2) whose `primary duty is management of the enterprise in which the employee is employed or of a customarily recognized

department or subdivision thereof;' (3) who `customarily and regularly' direct `the work of two or more employees;' and (4) who have the `authority to hire or fire other employees' or whose hiring and firing recommendations `are given particular weight.'"  (citing 29 C.F.R. § 541.100(a)).

  The summary judgment of evidence by  the Plaintiff reflects that he did what he was told  (See App 120, No. 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, and 20 )  in Plaintiff's Response to Defendant's Motion for Summary Judgment.    Must "evaluate an employee's duties based upon the character of the work he actually performs and not on what it is called or the place where it is performed." (29 C.F.R. § 783.33).    The question of which duty is a "primary duty" is a question of fact.....*Harrison v. Tyler Technologies, Inc*. 638 F. Supp. 3d 694, 707, Cause No. 4:21-CV-607, E.D. Texas.(2022)

IX.

        On page 7 of 8, Defendant states that Plaintiff's COBRA claims fails, and ask for attorney fees.    COBRA provides that an employee may continue to receive health care coverage at a group rate even after his or her termination. See 29 U.S.C. §§ 1161(a), 1163. "The purpose of COBRA is to allow employees who lose their jobs to continue their medical coverage at approximately the group rate, which is lower than the rate for individual coverage." *Vangas v. Montefiore Med. Ctr*., 2014 WL 5786720, at *8-9 (S.D.N.Y. Nov. 5, 2014).   There is no provision that Defendant can collect attorney fees under COBRA, nor does defendant cite to any.

        Defendant states that COBRA notice was sent, Plaintiff states that he did not receive notice (APP 114, L. 22-23, No. 42).    As stated in  *Custer v. Murphy Oil USA, Inc*., 503 F.3d 415, 422 (5th Cir. 2007) "self-interested testimony of mailing and self-interested testimony of non-receipt should go to jury); cf. *Rosenthal v. Walker*, 111 U.S. 185, 193, 4 S.Ct. 382, 28 L.Ed.

395 (1884) (noting that the mailbox rule's presumption of receipt is "a mere inference of fact ... and, when it is opposed by evidence that the letters never were received, must be weighed with all the other circumstances of the case, by the jury."

XIII.

## CONCLUSION

The facts to be decided by the trier of fact to whether was or was not an exempt employee under the Fair Labor Standards Act, whether Plaintiff was terminated because of his age, and whether the required COBRA requirements were completed by the Defendant.

WHEREFORE PREMISES CONSIDERED, Plaintiff Jason Walters prays that, the Court deny Defendants' Motion for Summary Judgment in its entirety, and that Plaintiff have such other and further relief to which he may show himself justly entitled, whether at law or in equity

Respectfully submitted

_/S/_____
Bob Whitehurst
State Bar No. 21358100
Bob Whitehurst
5380 Old Bullard Road
Suite 600, #363
Tyler, Texas 75703
(903)593-5588
(214)853-9382

CERTIFICATE OF CONFERENCE

In accordance with Local Rules, I certify that I attempted to confer with Defendant's Counsel regarding the reply brief filed on April 8, 2024, via phone and email.  Defendant's counsel indicated that her client was opposed to said reply.

Dated April 15, 2024.

/s/ Bob Whitehurst
Bob Whitehurst

PLAINTIFF'S BRIEF IN RESPONSE TO MOTION FOR SUMMARY JUDGMENT, PAGE 9

CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing instrument was served upon the attorney's of record in accordance with the applicable Rules of Civil Procedure on this 15th day of April, 2024.

*Bob Whitehurst*

Bob Whitehurst

Annie Lau
Texas Bar No. 24057723
FISHER & PHILLIPS LLP
500 N. Akard Street, Suite 3550
Dallas, Texas 75201
Telephone: (214) 220-9100
Facsimile: (214) 220-9122
*alau@fisherphillips.com*

EXHIBIT "1"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **JASON WALTERS,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:22-cv-01840-C** |
| | § | |
| **EXEL, INC. d/b/a DHL SUPPLY CHAIN,** | § | |
| | § | |
| *Defendant*. | § | |

## DEFENDANT'S OBJECTIONS AND ANSWERS
## TO DEFENDANT'S FIRST INTERROGATORIES

TO:   Plaintiff, Jason Walters, by and through his counsel of record, Bob Whitehurst, 52380 Old Bullard Road, Suite 600, #363, Tyler, Texas 75703.

Pursuant to FED. R. CIV. P. 33, Defendant Exel Inc. d/b/a DHL Supply Chain ("**Defendant**") provides the following Objections and Answers to the First Interrogatories ("**Interrogatories**") propounded by Plaintiff Jason Walters ("**Plaintiff**"):

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.      Defendant objects to the instructions and/or definitions contained in Plaintiff's First Interrogatories to the extent they seek to impose greater or other obligations upon Defendants than those set forth in the Texas Rules of Civil Procedure and the Local Rules of this Court.

2.      Defendant objects to Plaintiff's definition of the term "identify" with respect to a person to the extent it requests an individual's personal address and telephone number on the grounds that such request violates the privacy rights of persons who are not named parties in this Litigation, and to the extent that the use of such information would violate Rule 4.02 of the Texas Disciplinary Rules of Professional Conduct.  Defendant further objects to such definition on the grounds its request for "an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place or examination…

including], without limitation, his or her… race…" seeks information which has no tendency to make any material fact more or less probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401.

3.      Defendant objects to Plaintiff's definition of the term "identify" with respect to an organization, corporation, or business entity on the grounds its request to provide "a description of its business or organizational purpose" is vague and ambiguous.

4.      Defendant objects to Plaintiff's definition of the phrase "relate to" as vague, ambiguous, and overly broad.

5.      Defendant objects to Plaintiff's definition of the phrase "Causes of Action in Question" as vague and ambiguous.

6.      Defendant objects to Plaintiff's incorporated definition of the phrase "personnel file" as vague, ambiguous, overly broad, and to the extent it seeks information which has no tendency to make any material fact more or less probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401.

7.      Defendant does not warrant or guarantee that its understanding or use of terms in these responses accords with Plaintiff's understanding or use of the same terms in Plaintiff's First Interrogatories.

8.      Defendant responds to each Interrogatory as it understands and interprets the Interrogatory. If Plaintiff asserts an interpretation of any specific Interrogatory that differs from that of Defendant, Defendant reserves its right to supplement its objections and/or responses as may be needed or appropriate.

## ANSWERS AND OBJECTIONS TO FIRST INTERROGATORIES

**INTERROGATORY NO. 1:**     State the names, last known address and phone number of the employees that were employed in same position as Plaintiff from January 1, 2020 to present.

     **ANSWER NO. 1:**    Defendant objects to this Interrogatory on the grounds it is overly broad, infringes upon the privacy rights of third-party individuals, and seeks information which has no tendency to make any material fact more or less probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401. Specifically, Plaintiff's Amended Complaint confirms in no uncertain terms that he "is not making any claims on a representative basis, only for himself." Plaintiff is also not claiming that he was subjected to disparate treatment or discriminated against in any way. As such, the identities of Plaintiff's coworkers are irrelevant to the claims and defenses at issue, *e.g.,* whether Defendant properly paid Plaintiff under the FLSA for all time worked and whether Defendant timely provided or caused to be provided to Plaintiff the notices required under COBRA following his separation from employment.

**INTERROGATORY NO. 2:**     State the names and addresses of all employees of Defendant that were terminated and/or disciplined for the same reason and/or reason as plaintiff.

     **ANSWER NO. 2:**    Defendant objects to this Interrogatory on the grounds its reference to "disciplined for the same reason and/or reason as plaintiff" is vague and ambiguous. Defendant further objects to this Interrogatory on the grounds it is overly broad, infringes upon the privacy rights of third-party individuals, and seeks information which has no tendency to make any material fact more or less probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401. Specifically, Plaintiff's Amended Complaint confirms in no uncertain terms that he "is not making any claims on a representative basis, only for himself." Plaintiff is also not claiming that he was subjected

to disparate treatment or discriminated against in any way, nor has he asserted any claim for unlawful retaliation or wrongful termination.  As such, the identities of Plaintiff's coworkers are irrelevant to the claims and defenses at issue, *e.g.,* whether Defendant properly paid Plaintiff under the FLSA for all time worked and whether Defendant timely provided or caused to be provided to Plaintiff the notices required under COBRA following his separation from employment.

**INTERROGATORY NO. 3:**        State the name of the person and/or persons that replaced Plaintiff after Plaintiff's termination with Defendant.

**ANSWER NO. 3:**      Defendant objects to this Interrogatory on the grounds it is overly broad and seeks information which has no tendency to make any material fact more or less probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401.  Specifically, Plaintiff's Amended Complaint does not assert that Plaintiff was subjected to disparate treatment or discriminated against in any way, nor does it assert any claim for unlawful retaliation or wrongful termination.  As such, the name of Plaintiff's replacement (to the extent there is one) is irrelevant to the claims and defenses at issue, *e.g.,* whether Defendant properly paid Plaintiff under the FLSA for all time worked and whether Defendant timely provided or caused to be provided to Plaintiff the notices required under COBRA following his separation from employment.

**INTERROGATORY NO. 4:**        Describe all incidents wherein Plaintiff received warnings, reprimands and discipline, written or oral, due to his work performance or conduct and including any written evaluations, warnings and reprimands relating to his performance at any time from his initial employment until the present.

**ANSWER NO. 4:**      Defendant objects to this Interrogatory on the grounds it is overly broad and seeks information which has no tendency to make any material fact more or less

probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401.  Specifically, Plaintiff's Amended Complaint does not assert that Plaintiff was subjected to disparate treatment or discriminated against in any way, nor does it assert any claim for unlawful retaliation or wrongful termination.  As such, Plaintiff's disciplinary history is irrelevant to the claims and defenses at issue, *e.g.,* whether Defendant properly paid Plaintiff under the FLSA for all time worked and whether Defendant timely provided or caused to be provided to Plaintiff the notices required under COBRA following his separation from employment.

**INTERROGATORY NO. 5:**        State the reason(s) Plaintiff was terminated from his employment with the defendant.

      **ANSWER NO. 5:**    Defendant objects to this Interrogatory on the grounds it is overly broad and seeks information which has no tendency to make any material fact more or less probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401.  Specifically, Plaintiff's Amended Complaint does not assert that Plaintiff was subjected to disparate treatment or discriminated against in any way, nor does it assert any claim for unlawful retaliation or wrongful termination.  As such, the circumstances surrounding Plaintiff's separation from employment with Defendant is irrelevant to the claims and defenses at issue, *e.g.,* whether Defendant properly paid Plaintiff under the FLSA for all time worked and whether Defendant timely provided or caused to be provided to Plaintiff the notices required under COBRA following his separation from employment.

**INTERROGATORY NO. 6:**        State the names of the supervisors of Plaintiff.

      **ANSWER NO. 6:**    Defendant objects to this Interrogatory on the grounds it is overly

broad, not limited in relevant temporal scope, and seeks information which has no tendency to make any material fact more or less probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401. Specifically, Plaintiff's Amended Complaint does not assert that Plaintiff was subjected to disparate treatment or discriminated against in any way, nor does it assert any claim for unlawful retaliation or wrongful termination. As such, the names of every individual who ever supervised Plaintiff during the entire term of his employment with Defendant are irrelevant to the claims and defenses at issue, *e.g.,* whether Defendant properly paid Plaintiff under the FLSA for all time worked and whether Defendant timely provided or caused to be provided to Plaintiff the notices required under COBRA following his separation from employment.

**INTERROGATORY NO. 7:**        State the job duties of Plaintiff during his employment with the defendant.

**ANSWER NO. 7:**    In accordance with Fed. R. Civ. P. 34(d), Defendant directs Plaintiff to the Role Profile for the Operations Supervisor role being produced concurrently herewith.

**INTERROGATORY NO. 8:**        State the names of the employees hired by Plaintiff during his employment with the defendant.

**ANSWER NO. 8:**    Defendant objects to this Interrogatory on the grounds its reference to "hired by Plaintiff" is vague and ambiguous. Defendant further objects to this Interrogatory on the grounds it is overly broad and seeks information which has no tendency to make any material fact more or less probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401. Specifically, Plaintiff's Amended Complaint confirms in no uncertain terms that he "is not making any claims on a representative basis,

only for himself." Plaintiff is also not claiming that he was subjected to disparate treatment or discriminated against in any way. As such, the names of the individuals for whom Plaintiff served as a decision-maker in their hiring by Defendant are irrelevant to the claims and defenses at issue, *e.g.,* whether Defendant properly paid Plaintiff under the FLSA for all time worked and whether Defendant timely provided or caused to be provided to Plaintiff the notices required under COBRA following his separation from employment.

To the extent this Interrogatory requests Defendant state the number of individuals for whom Plaintiff participated in Defendant's selection, interview, or hiring decision between August 19, 2019 (*i.e.,* three years prior to the institution of this suit) and March 16, 2022 (*i.e.*, Plaintiff's last day of employment with Defendant), Defendant states the precise number of individuals is unknown but that Plaintiff did participate in Defendant's decision-making process with respect to the selection, interview, and hiring of Defendant's employees during such time.

**INTERROGATORY NO. 9:**        State the names of the employees that Plaintiff terminated during his employment with the defendant.

**ANSWER NO. 9:**    Defendant objects to this Interrogatory on the grounds its reference to "hired by Plaintiff" is vague and ambiguous. Defendant further objects to this Interrogatory on the grounds it is overly broad and seeks information which has no tendency to make any material fact more or less probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401. Specifically, Plaintiff's Amended Complaint confirms in no uncertain terms that he "is not making any claims on a representative basis, only for himself." Plaintiff is also not claiming that he was subjected to disparate treatment or discriminated against in any way. As such, the names of the individuals for whom

Plaintiff served as a decision-maker in their hiring by Defendant are irrelevant to the claims and defenses at issue, *e.g.,* whether Defendant properly paid Plaintiff under the FLSA for all time worked and whether Defendant timely provided or caused to be provided to Plaintiff the notices required under COBRA following his separation from employment.

To the extent this Interrogatory requests Defendant state the number of individuals for whom Plaintiff participated in Defendant's decision to terminate such person's employment between August 19, 2019 (*i.e.,* three years prior to the institution of this suit) and March 16, 2022 (*i.e.*, Plaintiff's last day of employment with Defendant), Defendant states the precise number of individuals is unknown but that Plaintiff did participate in Defendant's decision-making process with respect to the termination of Defendant's employees during such time.

**INTERROGATORY NO. 10:**        Describe in detail the job duties of Plaintiff.

**ANSWER NO. 10:**   Defendant objects to this Interrogatory as duplicative of Interrogatory No. 7 and directs Plaintiff to Defendant's response thereto.

**INTERROGATORY NO. 11:**        State the names and last known addresses and phone numbers of the employees that Plaintiff supervised during his employment with defendant.

**ANSWER NO. 11:**   Defendant objects to this Interrogatory on the grounds it is overly broad, not limited in relevant temporal scope, infringes upon the privacy rights of third-party individuals, and seeks information which has no tendency to make any material fact more or less probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401.  Specifically, the identities of Plaintiff's subordinates are irrelevant to the claims and defenses at issue, *e.g.,* whether Defendant properly paid Plaintiff under

the FLSA for all time worked and whether Defendant timely provided or caused to be provided to Plaintiff the notices required under COBRA following his separation from employment.

To the extent this Interrogatory seeks information regarding the number of employees supervised by Plaintiff between August 19, 2019 (*i.e.,* three years prior to the institution of this suit) and March 16, 2022 (*i.e.*, Plaintiff's last day of employment with Defendant), Defendant states Plaintiff supervised approximately 20 to 30 FLOs, 1 Tasker, 2 Lead, and 4 to 7 Laborers per shift.

**INTERROGATORY NO. 12:**      Please identify all persons who have knowledge of any relevant facts, documents, or tangible things relating in any way to the claims, defenses, or allegations in this lawsuit. You are asked to disclose any such person, even if the person does not have personal knowledge.

**ANSWER NO. 12:**   Defendant objects to this Interrogatory on the grounds its request Defendant identify "persons who have knowledge of any relevant facts, documents, or tangible things relating in any way to … this lawsuit… even if the person does not have personal knowledge" is vague, ambiguous, overly broad, and seeks information which has no tendency to make any material fact more or less probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401.

In accordance with the requirements of Fed. R. Civ. P. 26(a)(1)(A)(i)—which makes discoverable "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment," Defendant states as follows:

    a.   Plaintiff Jason Walters

Plaintiff is presumed to have knowledge regarding his claims in this suit.

b.  John Dobbins
c/o Fisher & Phillips

Mr. Dobbins is a Senior Director for Defendant and, while Plaintiff was employed by Defendant, served as General Manager supervising Plaintiff. Mr. Dobbins may have information regarding the job duties attendant to Plaintiff's Operations Supervisor role and hours worked during the period he supervised Plaintiff.

c.  Adam Elliott
c/o Fisher & Phillips

Mr. Elliott is a General Manager for Defendant and supervised Plaintiff while he was employed by Defendant, and may have information regarding the job duties attendant to Plaintiff's Operations Supervisor role and hours worked during the period he supervised Plaintiff.

d.  Andrew Miranda
c/o Fisher & Phillips

Mr. Miranda is an Operations Supervisor for Defendant and worked alongside Plaintiff while he was employed by Defendant, and may have information regarding the job duties attendant to Plaintiff's Operations Supervisor role and hours worked during the relevant period (*i.e., from 2019 through his date of separation).

e.  Sheila Frazier
c/o Fisher & Phillips

Ms. Shaw is an Operations Supervisor for Defendant and worked alongside Plaintiff while he was employed by Defendant, and may have information regarding the job duties attendant to Plaintiff's Operations Supervisor role and hours worked during the relevant period (*i.e.,* from 2019 through his date of separation).

f.  Eartis Shaw
c/o Fisher & Phillips

Mr. Shaw is an Operations Manager for Defendant and was Plaintiff's most recent supervisor while employed by Defendant and may have information regarding Plaintiff's job duties and hours worked during the relevant period (*i.e.,* from 2019 through his date of separation).

g.  Corporate Representative(s) of Defendant
c/o Fisher & Phillips

Defendant's to-be-identified corporate representative(s) may have information regarding Defendant's relevant policies and procedures regarding classification of employees as exempt or non-exempt, overtime, recording hours worked, pay statements, and reporting concerns regarding pay.

h. Corporate Representative(s) of Businesssolver, Inc.
1025 Ashworth Rd.
West Des Moines, IA 50265

The to-be-identified corporate representative(s) of Businesssolver, Inc. may have information regarding the COBRA notice provided to Plaintiff in connection with his separation from employment with Defendant.

**INTERROGATORY NO. 13:**      For every person you have identified in answer to the preceding interrogatory, state the basis for, and substance of, the relevant knowledge you believe the person has or may have.

**ANSWER NO. 13:**   Defendant objects to this Interrogatory on the grounds its instruction to "state the basis for… the relevant knowledge you believe the person has or may have" is vague and ambiguous.   Defendant further incorporates Defendant's response to Interrogatory No. 12 as though fully set forth herein.

**INTERROGATORY NO. 14:**      State all conversations that Defendant had with current and/or former employees regarding wages that were not paid correctly.

**ANSWER NO. 14:**   Defendant objects to this Interrogatory to the extent it seeks information protected by the attorney-client and/or attorney work product privileges. Defendant further objects to this Interrogatory on the grounds it is overly broad, not limited in relevant temporal scope, infringes upon the privacy rights of third-party individuals, and seeks information which has no tendency to make any material fact more or less probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401.  Specifically, Plaintiff's Amended Complaint confirms in no uncertain terms that he

"is not making any claims on a representative basis, only for himself."  As such, any conversations Defendant had with Plaintiff's coworkers regarding any claim or concern by such individual that he or she had not been paid correctly are irrelevant to the claims and defenses at issue, *e.g.,* whether Defendant properly paid Plaintiff under the FLSA for all time worked and whether Defendant timely provided or caused to be provided to Plaintiff the notices required under COBRA following his separation from employment.  Defendant further objects to this Interrogatory on the grounds that it is unduly burdensome in that responding thereto would require Defendant to interview every one of its employees and review every communication in its possession, custody, or control to determine whether or not two or more of Defendant's employees had ever communicated with one another regarding wages and identify and produce each such communication that could be construed as "regarding wages that were not paid correctly."

To the extent this Interrogatory seeks a description of each conversation Brandy Boylan or Mickey Moza, former Human Resources Representatives responsible for the Goodyear-Forney site,  or Plaintiff's then-supervisor(s), had with Plaintiff between August 19, 2019 (*i.e.,* three years prior to the institution of this suit) and March 16, 2022 (*i.e.,* Plaintiff's last day of employment with Defendant) wherein Plaintiff reported any concern that he had not been properly paid all wages earned, Defendant states no such communications have been identified.

**INTERROGATORY NO. 15:**       Describe all benefits, at the facilities where Plaintiff was employed by Defendant, that were paid to employees from January 1, 2020  to present.

**ANSWER NO. 15:**   Defendant objects to this Interrogatory on the grounds its instruction to "[d]escribe all benefits" and its reference to "benefits, at the facilities where Plaintiff was

employed by Defendant, that were paid to employees" are vague and ambiguous. Defendant further objects to this Interrogatory on the grounds it is overly broad, not limited in relevant temporal scope, and seeks information which has no tendency to make any material fact more or less probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401. Specifically, the employment benefits Defendant made available to, but that were not elected by, Plaintiff as of the date of his separation from employment are irrelevant to the claims and defenses at issue, *e.g.,* whether Defendant properly paid Plaintiff under the FLSA for all time worked and whether Defendant timely provided or caused to be provided to Plaintiff the notices required under COBRA following his separation from employment.

To the extent this Interrogatory requests Defendant identify the employment benefits provided by Defendant and elected by Plaintiff as of his separation date from employment with Defendant, Defendant identifies: Medical, Dental, and Vision Insurance; Dependent Life Insurance; and Group Term Life Insurance.


**INTERROGATORY NO. 16:**        State the hours that Plaintiff was required to work at his employment with Defendant from January 1, 2020 to the date of his termination by the defendant.

**ANSWER NO. 16:**   Defendant states that, between January 1, 2020 and January 2021, Plaintiff was generally assigned to work 12-hours shifts, four days per week. During calendar year 2020, Plaintiff was asked to cover up to two additional 12-hour shifts per month.  For any week in which Plaintiff worked an extra shift during this period, he was provided a 12-hour "comp day"—meaning he could take an entire shift off with full pay. Therefore, in any week in which Plaintiff used a "comp day" he would only have worked 36 hours, rather than his normally scheduled 48 hours, but would have received his full

salary.  There were also occasions in 2020 wherein Plaintiff used two or three comp days in the same week.

From January 2021 through the date of his separation, Plaintiff was generally assigned to work 12-hours shifts, three days per week.  During this period, Plaintiff was asked to cover up to one additional 12-hour shift per month.

**INTERROGATORY NO. 17:**        State the name of the General Manager at the facility where Plaintiff was employed during Plaintiff's employment with the Defendant.

**ANSWER NO. 17:**   Defendant objects to this Interrogatory on the grounds it is overly broad, not limited in relevant temporal scope, and seeks information which has no tendency to make any material fact more or less probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401.  Specifically, Plaintiff's Amended Complaint does not assert that Plaintiff was subjected to disparate treatment or discriminated against in any way, nor does it assert any claim for unlawful retaliation or wrongful termination.  As such, the names of every individual who ever served as a General Manager at the Goodyear-Forney site during the entire term of Plaintiff's employment with Defendant are irrelevant to the claims and defenses at issue, *e.g.,* whether Defendant properly paid Plaintiff under the FLSA for all time worked and whether Defendant timely provided or caused to be provided to Plaintiff the notices required under COBRA following his separation from employment.

**INTERROGATORY NO. 18:**        State the name of the Operation Manager at the facility where Plaintiff was employed during Plaintiff's employment with the Defendant.

**ANSWER NO. 18:**   Defendant objects to this Interrogatory on the grounds it is overly

broad, not limited in relevant temporal scope, and seeks information which has no tendency to make any material fact more or less probable than it would be without the evidence and is, therefore, irrelevant pursuant to Fed. R. Evid. 401.  Specifically, Plaintiff's Amended Complaint does not assert that Plaintiff was subjected to disparate treatment or discriminated against in any way, nor does it assert any claim for unlawful retaliation or wrongful termination.  As such, the names of every individual who ever served as an Operations Manager for Defendant during the entire term of Plaintiff's employment with Defendant are irrelevant to the claims and defenses at issue, *e.g.,* whether Defendant properly paid Plaintiff under the FLSA for all time worked and whether Defendant timely provided or caused to be provided to Plaintiff the notices required under COBRA following his separation from employment.

Respectfully Submitted,

*/s/ Theanna Bezney*
Arthur V. Lambert
Texas Bar No. 11841250
Theanna Bezney
Texas Bar No. 24089243
FISHER & PHILLIPS LLP
500 N. Akard Street, Suite 3550
Dallas, TX 75201
Telephone: (214) 220-9100
Facsimile: (214) 220-9122
*alambert@fisherphillips.com*
*tbezney@fisherphillips.com*

**COUNSEL FOR DEFENDANT EXEL INC. d/b/a DHL SUPPLY CHAIN**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 23rd day of December, 2022, a true and correct copy of the foregoing was served by email upon all counsel of record, as follows:

Bob Whitehurst
5380 Old Bullard Road, Suite 600., #363
Tyler, Texas 75703

<u>*/s/ Theanna Bezney*</u>
Theanna Bezney