IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON WALTERS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-cv-01840-K |
| | § | |
| EXEL, INC. D/B/A DHL SUPPLY CHAIN, | § | |
| | § | |
| *Defendant*. | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO FILE REPLY BRIEF TO DEFENDANT'S BRIEF IN REPLY IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant Exel Inc. d/b/a DHL Supply Chain ("Defendant" or "Exel") files this Response to Plaintiff Jason Walters' "Opposed Motion for Leave to File Reply Brief to Defendant's Brief in Reply in Opposition to Defendant's Motion for Summary Judgment" ("Plaintiff's Motion for Leave to File MSJ Sur-Reply") [Dkt. 66.] In support thereof, Defendant would respectfully show the Court as follows:

## I.    SUMMARY

Plaintiff attempts to belatedly seek leave to file a sur-reply to Defendant's Motion for Summary Judgment, after improperly filing his Reply to Defendant's Motion to Strike Plaintiff's Inadmissible Summary Judgment Evidence ("Plaintiff's Sur-Reply"). [*See* Dkt. 64.] Defendant struggles to decipher what Plaintiff's Motion for Leave to File MSJ Sur-Reply seeks to file a sur-reply to. Defendant, as the original moving party, filed a Motion to Strike Plaintiff's Inadmissible Summary Judgment Evidence ("Defendant's MTS"). [Dkt. 61.] Plaintiff then filed a "Plaintiff's Brief in Reply in Opposition to Defendant's Motion for Summary Judgment," which improperly included arguments and attempted to introduce new evidence in response to Defendant's Motion for Summary Judgment and also responded to Defendant's Motion to Strike ("Plaintiff's Sur-

Reply"). [Dkt. 64.] Defendant then filed its MTS Reply [Dkt. 65], pointing out the improprieties of Plaintiff's Sur-Reply. Plaintiff now has filed <u>two</u> motions for leave to file sur-replies. [*See* Dkt. 66, 67.] Docket 66 appears to seek leave to file Docket 64 as a sur-reply to Defendant's MSJ.

In addition to the reasons set forth in Defendant's Reply to Plaintiff's "Brief in Reply in Opposition to Defendant's Motion for Summary Judgment" ("Defendant's MTS Reply") [Dkt. 65], Plaintiff has presented no new evidence or legal theories that were raised in Defendant's Reply in Support of Its Motion for Summary Judgment ("Defendant's MSJ Reply"). [*See* Dkt. 63.] Accordingly, Plaintiff's attempt to simply have the last word is improper, and Plaintiff's Motion for Leave to File MSJ Sur-Reply [Dkt. 66] should be denied, and Plaintiff's Sur-Reply [Dkt. 64] should be struck.

Moreover, Plaintiff appears to have combined his motion, brief, and exhibits into one document. To the extent Plaintiff's hodgepodge filing violates Local Rule 7.1 and 7.2, Plaintiff's Motion for Leave to file MSJ Sur-Reply should be denied and/or struck.

## II.   ARGUMENTS AND AUTHORITIES

A sur-reply is appropriate "only when the movant raises new legal theories or attempts to present new evidence at the reply stage." *Makhlouf v. Tailored Brands, Inc.*, 2017 WL 10922311, at *5 (S.D. Tex. Mar. 23, 2017) (*citing to Murray v. TXU Corp.*, No. Civ.A. 303CV0888P, 2005 WL 1313412, at *4 (N.D. Tex. May 27, 2005)). "Leave to file a surreply is not appropriately granted where the proposed surreply does not include new arguments or evidence or merely restates arguments in the movant's response. *Makhlouf*, 2017 WL 10922311, at *5 (*citing Lombardi v. Bank of America*, Civ. Action No. 3:13–cv–1464–O, 2014 WL 988541, at *3 (N.D. Tex. Mar. 13, 2014)). "Surreplies, and any other filing that serves the purpose or has the effect of a surreply, are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter." *Lacher v. West*, 147 F.Supp.2d 538, 539 (N.D. Tex. 2001).

Here, Defendant presented no new legal theories and presented no new evidence in its MSJ Reply. There has been no new discovery conducted following Defendant's Motion for Summary Judgment [*See* Dkt. 56]. Moreover, Plaintiff has pointed to no such new legal theory or evidence. Plaintiff even acknowledges he failed to file for leave previously and now belatedly seeks leave to file a sur-reply. Indeed, the "Exhibit A" Plaintiff attached to Plaintiff's Motion for Leave to file MSJ Sur-Reply appears to simply be Plaintiff's Sur-Reply [Dkt. 64]. Plaintiff has demonstrated no circumstance in which a sur-reply should be allowed. It is clear that Plaintiff simply wants to have the last word.

### III.   CONCLUSION AND PRAYER

For the forgoing reasons and the reasons set forth in Defendant's MTS Reply [Dkt. 65], Defendant prays that the Court deny Plaintiff's Motion for Leave to File MSJ Sur-Reply [Dkt. 66] and strike all portions of Plaintiff's Sur-Reply [Dkt. 64] that fall outside the scope of responding to Defendant's Motion to Strike Plaintiff's Inadmissible Summary Judgment Evidence.

Respectfully submitted,

*/s/ Annie Lau*
Annie Lau
Texas Bar No. 24057723
FISHER & PHILLIPS LLP
500 N. Akard Street, Suite 3550
Dallas, Texas 75201
Telephone: (214) 220-9100
Facsimile: (214) 220-9122
*alau@fisherphillips.com*

**COUNSEL FOR DEFENDANT**
**EXEL INC. d/b/a DHL SUPPLY CHAIN**

## CERTIFICATE OF SERVICE

On the 5th day of May, 2024, I filed the foregoing document with the Clerk of Court for the United States District Court, Northern District of Texas, using the Court's Electronic Case Filing system. I hereby certify that I have served the document on all counsel of record by a manner authorized by FED. R. CIV. P. 5 (b)(2).

Bob Whitehurst
5380 Old Bullard Road, Suite 600, #363
Tyler, TX 75703
*whitehurstlawfirm@yahoo.com*

Donald E. Uloth
LAW OFFICE OF DONALD E. ULOTH
18208 Preston Road, Suite D-9 #261
Dallas, TX 75252
*don.uloth@uloth.pro*

*/s/ Annie Lau*
Annie Lau