IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON WALTERS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-cv-01840-K |
| | § | |
| EXEL, INC. D/B/A DHL SUPPLY CHAIN, | § | |
| | § | |
| *Defendant*. | § | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO FILE SUR-REPLY BRIEF TO DEFENDANT'S BRIEF IN REPLY IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT DATED APRIL 8, 2024

Defendant Exel Inc. d/b/a DHL Supply Chain ("Defendant" or "Exel") files this Response to Plaintiff Jason Walters' "Opposed Motion for Leave to File Sur-Reply Brief to Defendant's Brief in Reply in Opposition to Defendant's Motion for Summary Judgment Dated April 8, 2024" ("Plaintiff's Docket 67") [Dkt. 67.] In support thereof, Defendant would respectfully show the Court as follows:

### I.  SUMMARY

It appears that Plaintiff is seeking leave to file a sur-reply to Defendant's Reply to Plaintiff's 'Brief in Reply in Opposition to Defendant's Motion for Summary Judgment' ("Defendant's MTS Reply"). [*See* Dkt. 65.] Frankly, Defendant struggles to decipher what Plaintiff's Docket 67 seeks to file a sur-reply to. Defendant, as the original moving party, filed a Motion to Strike Plaintiff's Inadmissible Summary Judgment Evidence ("Defendant's MTS"). [Dkt. 61.] Plaintiff then filed a "Plaintiff's Brief in Reply in Opposition to Defendant's Motion for Summary Judgment," which improperly included arguments and attempted to introduce new evidence in response to Defendant's Motion for Summary Judgment and also responded to Defendant's Motion to Strike ("Plaintiff's Sur-Reply"). [Dkt. 64.] Defendant then filed its MTS

Reply, pointing out the improprieties of Plaintiff's Sur-Reply.

Now, Plaintiff has filed for leave to file a sur-reply to Defendant's Motion to Strike. As an initial matter, Plaintiff violates Local Rule 7.2, which requires a brief in excess of 10 pages to include a table of contents and a table of authorities. LOCAL RULE 7.2. Plaintiff appears to try to circumvent this requirement by attaching his brief as "Exhibit A," but this does not overcome the requirements of Local Rule 7.2. For this reason alone, Plaintiff's Docket 67 should be denied and/or struck.

Further, in addition to the reasons set forth in Defendant's MTS Reply [Dkt. 65], Plaintiff has presented no new evidence or legal theories that were raised in Defendant's MTS Reply. Accordingly, Plaintiff's attempt to simply have the last word is improper, and Plaintiff's Docket 67 should be denied.

## II.   ARGUMENTS AND AUTHORITIES

A sur-reply is appropriate "only when the movant raises new legal theories or attempts to present new evidence at the reply stage." *Makhlouf v. Tailored Brands, Inc.*, 2017 WL 10922311, at *5 (S.D. Tex. Mar. 23, 2017) (*citing to Murray v. TXU Corp.*, No. Civ.A. 303CV0888P, 2005 WL 1313412, at *4 (N.D. Tex. May 27, 2005)). "Leave to file a surreply is not appropriately granted where the proposed surreply does not include new arguments or evidence or merely restates arguments in the movant's response. *Makhlouf*, 2017 WL 10922311, at *5 (*citing Lombardi v. Bank of America*, Civ. Action No. 3:13–cv–1464–O, 2014 WL 988541, at *3 (N.D. Tex. Mar. 13, 2014)). "Surreplies, and any other filing that serves the purpose or has the effect of a surreply, are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter." *Lacher v. West*, 147 F.Supp.2d 538, 539 (N.D. Tex. 2001).

Here, Defendant presented no new legal theories and presented no new evidence in its MTS Reply. Moreover, Plaintiff has pointed to no such new legal theory or evidence and has largely

reproduced his arguments from Plaintiff's Sur-Reply. Further, Plaintiff continues to improperly make arguments in response to Defendant's MSJ. Plaintiff has demonstrated no circumstance in which a sur-reply should be allowed. It is clear that Plaintiff simply wants to have the last word.

### III. CONCLUSION AND PRAYER

For the forgoing reasons and the reasons set forth in Defendant's MTS Reply [Dkt. 65], Defendant prays that the Court deny Plaintiff's Docket 67 and strike all portions of Plaintiff's Sur-Reply [Dkt. 64] that fall outside the scope of responding to Defendant's Motion to Strike Plaintiff's Inadmissible Summary Judgment Evidence.

Respectfully submitted,

*/s/ Annie Lau*
Annie Lau
Texas Bar No. 24057723
FISHER & PHILLIPS LLP
500 N. Akard Street, Suite 3550
Dallas, Texas 75201
Telephone: (214) 220-9100
Facsimile: (214) 220-9122
*alau@fisherphillips.com*

**COUNSEL FOR DEFENDANT**
**EXEL INC. d/b/a DHL SUPPLY CHAIN**

**CERTIFICATE OF SERVICE**

On the 5th day of May, 2024, I filed the foregoing document with the Clerk of Court for the United States District Court, Northern District of Texas, using the Court's Electronic Case Filing system. I hereby certify that I have served the document on all counsel of record by a manner authorized by FED. R. CIV. P. 5 (b)(2).

>Bob Whitehurst
>5380 Old Bullard Road, Suite 600, #363
>Tyler, TX 75703
>*whitehurstlawfirm@yahoo.com*
>
>Donald E. Uloth
>LAW OFFICE OF DONALD E. ULOTH
>18208 Preston Road, Suite D-9 #261
>Dallas, TX 75252
>*don.uloth@uloth.pro*

>>*/s/ Annie Lau*
>>Annie Lau