IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**JASON WALTERS**
**Plaintiff**

vs.                                                         **CIVIL ACTION 3:22-cv-01840-C**
                                                            **JURY REQUESTED**

**EXEL, INC. D/B/A**
**DHL SUPPLY CHAIN**
**Defendant**

**PLAINTIFF'S REPLY TO DEFENDANT'S MOTION TO STAY PROCEEDINGS**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Plaintiff, in the above entitled and numbered cause, and respectfully requests that this Honorable Court Deny Defendant's Motion to Stay Proceedings, and would show the court as follows:

I.

Plaintiff would request that this court take Judicial Notice of the Court's file. The record reveals that Plaintiff's lawsuit was filed on August 19, 2022. (Doc. No. 1 ). Thereafter pursuant to this Court's Scheduling Order, dated November 1, 2022 (Doc. No. . 16), which said docket control order was later modified by this Court's on June 14, 2023, Order (Doc. No. 41).

II.

Rul;e 16(b)(4) of the Federal Rules of Civil Procedure provide that a scheduling order may be modified only for good cause and with the judge's consent. The court in *Andrews vc. Rosewood Hotels & Resorts, LLC*, (No. 3-19-cv-01374-L (N.D. Tex. Oct. 8, 2021) stated:

> A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard requires the "party seeking relief to

PLAINTIFF'S RESPONSE TO STAY PROCEEDINGS BY THE DEFENDANT, PAGE 1

show that the deadlines [could not] reasonably [have been] met despite the diligence of the party needing the extension." *S & W Enters.*, 315 F.3d at 535 (citation omitted). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." Id. at 536. In deciding whether to allow an untimely amendment, a court considers "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." Id. at 536 (internal quotation marks, brackets, and citations omitted). "The good cause standard focuses on the diligence of the party seeking a modification of the scheduling order." *E.E.O.C. v. Serv. Temps, Inc.*, 3:08-CV-1552-D, 2009 WL 3294863, at *2 (N.D. Tex. Oct. 13, 2009), aff'd, 679 F.3d 323 (5th Cir. 2012)

III.

The Defendant appears to create a further delay in this case, despite the fact that Defendant has been aware since June 14, 2023 of the new scheduling order.

IV..

Defendant's entire premise is that the court will grant its motion for summary judgment; however a closer review of the current summary judgment evidence before the court revels the following:

(a) In the appendix in support of Plaintiff's response to Defendant's Motion for Summary Judgment are Tabs 1-24, all of which that show there are questions of fact to be decided by the trier of fact, and summary judgment should not be granted. They are as follow:

1  Photograph of Plaintiff at work............................................... 001-010

2 Eartis Shaw in control............................................................ 011-025

3 End of Shift reports submitted by Plaintiff............................ 026-036

4 Adam Elliott no grace period................................................ 037

5 Plaintiff not aware of grace period....................................... 038

6 Excerpts from deposition of John Dobbins........................ 039-047

**PLAINTIFF'S RESPONSE TO STAY PROCEEDINGS BY THE DEFENDANT, PAGE 2**

7 Excerpts from deposition of Adam Elliott.......................... 048-051

8 Excerpts from deposition of Eartis Shaw.......................... 052-054

9 Excerpts from deposition of Deneill Hooper.................... 055-059

10 Excerpts from deposition of Tammy Williams.................... 060-062

11 Excerpts from deposition of Mickey Moza....................... 063-090

12 Lack of signature of Plaintiff on correction action form........ 091

13 Determination from Texas Workforce Commission................. 092

14 Letter to Defendant................................................................. 093-098

15 Discovery requests............................................................... 099-110

16 declaration of Jason Walters............................................... 111-115

17 Mickey I'm trying to figure out when my health and dental insurance expire, 3/21/22.......................................................................... 116

18 I really am taken by supriseectgst direct questions could not be answered, 3/28/22......... 117

19 corrective action form not signed ..................................118

20 definitely send Mickey email, one of biggest racist ever worked with................................ 119

21 declaration of Jason Walters............................................... 120-128

22 declaration of Bennille Shelby............................................ 129-130

23 Dismissal and notice of right to sue letter from EEOC.............. 131-134

24 List of employees terminated and ages ......................................135

There is certainly summary judgment evidence to be decided by the trier of fact.

This Court has heretofore set a scheduling order, in which certain requirement are to be completed by certain dates.   Plaintiff is attempting to comply with said order, and simply request

**PLAINTIFF'S RESPONSE TO STAY PROCEEDINGS BY THE DEFENDANT, PAGE 3**

that Defendant's Motion to Stay Proceedings be denied.

WHEREFORE PREMISES CONSIDERED, Plaintiff Jason Walters prays that, the Court deny Defendants' Motion to Stay Proceedingy,  and that Plaintiff have such other and further relief to which he may show himself justly entitled, whether at law or in equity

                          Respectfully submitted
                          _/S/_____
                          Bob Whitehurst
                          State Bar No. 21358100
                          Bob Whitehurst
                          5380 Old Bullard Road
                          Suite 600, #363
                          Tyler, Texas 75703
                          (903)593-5588
                          (214)853-9382

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing instrument was served upon the attorney's of record in accordance with the applicable Rules of Civil Procedure on this 26th day of July, 2024

*Bob Whitehurst*
Bob Whitehurst

Annie Lau
Texas Bar No. 24057723
FISHER & PHILLIPS LLP
500 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: (214) 220-9100
Facsimile: (214) 220-9122
*alau@fisherphillips.com*

**PLAINTIFF'S RESPONSE TO STAY PROCEEDINGS BY THE DEFENDANT, PAGE 4**